## Massey v. Smith.

*Statutory Real Action in Nature of Ejectment.*

1.   *Specific grounds of objection to evidence a waiver of all others.*—It is the settled rule of this court, that if specific grounds of objection are taken to the admissibility of evidence, a waiver of all other objections is presumed, and, on appeal, this court will confine its decision to the grounds specified.

2.   *Decree of sale of decedent's land; conclusiveness of its recitals on collateral attack.*—When a decree of the probate court, ordering a sale of a decedent's lands, recites as a fact that the necessity for the sale was proved by depositions taken as in chancery cases, the decree is final and conclusive upon that matter, when collaterally assailed, and can not be impeached by a reference to the depositions upon which the court proceeded.

3.   *Bill of exceptions; how construed.*—A bill of exceptions is construed most strongly against the party excepting ; and when it admits of two constructions, one of which will reverse, and the other affirm the judgment, the latter construction must be adopted.

[Massey v. Smith.]

APPEAL from Coosa Circuit Court.

Tried before Hon. JAMES E. COBB.

This was a statutory real action in the nature of ejectment, by A. C. F. Smith and others against Alfred Massey. The cause was tried on issue joined on the plea of not guilty, the trial resulting in a verdict for the plaintiffs, from which the defendant appealed. The evidence of title relied on by the parties in the primary court is not stated in the record.

The defendant offered in evidence a petition filed in the probate court of Coosa county by the administrators of the estate of W. G. Massey, deceased, praying for an order for the sale of certain lands of which said decedent died seized and possessed, including the lands sued far in this cause, for division among the heirs; and also a decree of said court, granted on said petition, ordering the lands sold. As recited in the bill of exceptions, "the plaintiff objected to said order of sale for reasons stated by him [not set out in the bill of exceptions], and in support of his objection read to the court, and offered in evidence the following interrogatories and depositions, appearing of record, as the evidence on which said order or decree of sale was based, and which were admitted by the defendant to be all the evidence found in the file of papers, or on record in the probate office relating to said sale and order." Then the interrogatories and depositions referred to are set out. Then follows this statement: "The court, under this evidence, sustained the objections, and the defendant excepted." It is not shown that a sale of the lands was ever in fact made under the decree, or that either party claimed title thereunder.

The ruling above noted is the only assignment of error.

FELIX L. SMITH and WATTS & SONS, for appellant.

W. D. BULGER, contra.

BRICKELL, C. J.—The rule is settled by numerous decisions of this court, as is stated by the counsel for the appellant, that if specific grounds of objection are taken to the admissibility of evidence, a waiver of all other objections is presumed, and on error this court will confine its decision to the grounds specified:—1 Brick. Dig. 887, § 1194. If it be the proper construction of the bill of exceptions, that the objection to the introduction as evidence of the record of the proceedings of the court of probate was confined to the specific ground, that the depositions remaining on file in that court showed that they were not taken as in chancery cases, and did not make proof of facts which authorized the court to render a decree of sale, the objection was not well taken, and ought

[Shealy & Finn v. Edwards.]

not to have been sustained; and though the record could have been excluded for other reasons, a reversal of the judgment would follow. By its decree, the court of probate ascertained and declared the depositions were taken as in chancery cases, and that the facts were proved, the incapability of the lands of a fair and equitable division among the heirs. The decree was final and conclusive upon these matters, when collaterally assailed, and could not be impeached by a reference to the depositions upon which the court proceeded.—*Pettus v. Mc-Clannahan,* 52 Ala. 55.

But we are unable to declare that the bill of exceptions shows, clearly and affirmatively, that this was the specific ground of objection to the evidence. The recital of the bill is, that "the plaintiff objected to the order of sale, for reasons stated by him, and, in support of his objection, read to the court, and offered in evidence, the following interrogatories," etc.; and concluded, "the court, under this evidence, sustained the objections, and the defendant excepted," A bill of exceptions is construed most strongly against the party excepting, and, when it admits of two constructions, one of which will reverse, and the other affirm the judgment, that which will affirm must be adopted.—1 Brick. Dig. 251, §§ 120--23. The language of the bill, to say the least, is as consistent with the supposition, that more than one ground or reason was stated as the cause of objection to the admissibility of the order of sale, as that one only was stated. We can not place the circuit court in error, by indulging the presumption that one only was stated. *Prima facie,* the decree of sale was wholly irrelevant—no party to this suit appears to have had any connection with it, or any interest involved in it. As to them, it was *res inter alios acta;* and the bill of exceptions not expressly negativing, we must presume for this reason the circuit court rejected it.

Affirmed.