# Milliken v. Maund.

### *Action of Trover.*

1. *Trial and its incidents; general exceptions to charges given or refused unavailing.*—A single general exception to the giving or refusal of several charge s requested together can not be sustained, unless each of the charges so given is correct or each of the charges so refused is erroneous.

2. *Evidence; when error without injury in admission of evidence.*— The admission of incompetent evidence to prove a fact, which is undisputed and proven by other evidence, though erroneous, is error

[Milliken v. Maund.]

without injury; such evidence being merely redundant and super-
fluous.

3. *Same; reservation of exceptions to ruling on evidence; how shown
on appeal.*—When exceptions are reserved to the rulings of the trial
court on the evidence, looking to a review of such rulings on appeal,
there should be such a statement of the facts in the bill of exceptions
as is necessary to make intelligible the point or decision wherein the
court is supposed to have erred, and nothing should be left to sur-
mise or conjecture ; and a bill of exceptions reciting that certain evi-
dence was offered and ruled out by the court, without showing at
what period of the trial it was offered, or by whom, or at whose in-
stance it was excluded, or on what grounds, is insufficient to present
such ruling for review, and too indefinite and incomplete to put the
court in error, although the evidence offered was relevant to the is-
sue being tried.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This was an action of trover brought by the appellee
against the appellant. The facts of the case are suffici-
ently stated in the opinion.

There were verdict and judgment for the plaintiff.
The defendant appeals, and assigns as error the several
rulings of the court to which exceptions were reserved.

R. H. WALKER, for appellant.

No counsel marked as appearing for appellee.

HEAD, J.—Trover by a mortgagee to recover damages
for the conversion of a chattel described as "one four-
horse wagon, Ross make." It was admitted by the de-
fendant that he had converted a certain wagon belong-
ing to the mortgagor, to which the latter sometimes
drove four mules and which was also called a lumber
dray, but the defense was sought to be made that this
vehicle was not the one embraced by the mortgage. It
was shown by the evidence that at the time of the exe-
cution of the mortgage the mortgagor owned another
four-horse wagon, but it appeared without dispute that
this was a Tennessee wagon or Milburn make. Con-
sidering further that the undisputed evidence showed
the vehicle converted by the defendant was pointed out
by the mortgagor to the plaintiff at the time of the exe-
cution of the mortgage as the one to be conveyed by that

instrument, there was no other authorized conclusion from the evidence, if believed by the jury, than that the defendant had converted the wagon covered by plaintiff's mortgage. The only other issue developed upon trial was whether plaintiff's mortgage had or had not been fully paid, and upon this issue the testimony was in conflict. The defendant was, therefore, not entitled to the general charge. The bill of exceptions shows that defendant requested eight charges (one of them being the general charge) to the refusal of which he reserved but a single general exception. Without examining the charges *seriatim*, it is enough to say that as one of them was objectionable, the exception is unavailing, according to the familiar rule which declares that an exception to the refusal of several charges requested together cannot be sustained unless all of them assert correct propositions. Two charges were given at the instance of the plaintiff; and to the giving of both there was likewise a single exception. This exception cannot be susained unless both charges were erroneous, and this cannot be asserted of them. Indeed, we think both correct.

The plaintiff offered evidence, over the objection of appellant, that Quaddlebaum, the mortgagor, stated to witnesses that he had (given) or would give the plaintiff a mortgage to secure his account, to the admission of which the defendant excepted. This was hearsay and, except for the reason to be stated, would operate to reverse the judgment. It was an undisputed fact at the trial that Quaddlebaum had given plaintiff the mortgage. The instrument was in evidence and all the witnesses, including the defendant, spoke of it and of the time of its execution. No issue was raised as to the existence of the mortgage. The only questions were whether it covered the vehicle in dispute and if so, whether the mortgage had been paid. The hearsay evidence (and it may be remarked the defendant introduced some of the same sort) was simply redundant and superfluous, having no injurious effect upon the defendant's case. Its admission was error without resultant injury.—*Dowling v. Blackman,* 70 Ala. 303; *Tayloe v. Bush,* 75 Ala. 432.

This leaves us to consider whether another exception upon the evidence is so presented, as that error to the prejudice of appellant sufficiently appears. The evidence is

not stated in the bill of exceptions in the order in which it was produced in court, nor is the testimony of each witness set out in detail. For the most part, the substance and effect of the testimony for the respective sides are stated in a general way. Towards the close of the bill and just before the recital of the charges given and refused, the following distinct paragraph appears : "Kin Knight, a witness for the defendant, testified that plaintiff told him just before Quaddlebaum left and before he got the lumber and staves that if Quaddlebaum left he was not hurt, that his debt was nearly settled. (This evidence was ruled out, and defendant excepted)." Upon this ruling an assignment of error is based. It had been proven that plaintiff procured lumber and staves of the value of one hundred and thirty dollars, which he creded upon his account; and it must be conceded that it was competent for the defendant to prove any admission or statement of the plaintiff from which the inference could be rationally drawn that the mortgage debt had been discharged, (provided such proof were offered at the proper time and in the proper manner), and that to exclude such proof upon the objection of the plaintiff, if it was duly tendered by the defendant, would be erroneous. It is the practice of courts of appeal, however, to indulge all reasonable presumptions and intendments in favor of the correctness of the rulings of *nisi prius* judges. The bill of exceptions must so state the circumstances of the ruling complained of, as that error may clearly appear. Exceptions are construed most strongly against the party excepting, and if the bill is capable of two constructions, one favorable to the lower court, and the other unfavorable, that construction will be adopted which will sustain, rather than that which will reverse, the judgment. It is at once noticeable from the above quotation from the bill of exceptions that there is great meagreness and entire absence of explanatory circumstances, in stating the ruling to which the exception was reserved. It does not appear whether the testimony given was elicited by the plaintiff or the defendant. It is not even stated that the appellee procured its exclusion. It would be a mere matter of inference to affirm that the defendant himself did not induce or consent to the ruling of which he complains. If we assume that the plaintiff made objection to the testimony, the ground

of objection is not disclosed ; and unless we can declare that no valid reason could have existed, authorizing its exclusion, then we must presume, that sufficient reason did exist to justify the circuit court's action. It is obvious no such declaration can be made. All that is shown is that a witness, at some period of the trial, testified to a certain relevant fact and that the court, either of its own motion or at the instance of one of the parties—we know not which—ruled it out. This falls short of showing that a decision was made against the appellant, of which he may here rightfully complain. There should be such a statement of the facts as is necessary to make intelligible the point or decision wherein the court is supposed to have erred.—Code, § 2760. Nothing should be left to surmise. or conjecture.—*Lewis v. Paull*, 42 Ala. 136. We cannot put the circuit court in error upon a statement so indefinite and incomplete. Indulging the usual presumption in favor of the correctness of the ruling, we are unable safely to affirm that any error was committed which ought to operate a reversal at the appellant's instance. We have examined the various assignments of error, although in the absence of brief or argument from appellant, we might have treated them as abandoned.

The result is the judgment must be affirmed.