[Rarden v. Cunningham.]

| 136 | 263 |
| 137 | 78 |
| 136 | 263 |
| 141 | 39 |
| 142 | 60 |
| 136 | 263 |
| 144 | 279 |
| 144 | 359 |

# Rarden *v.* Cunningham

## *Trespass de Bonis Asportatis.*

1. *Receipt for money paid, not conclusive.*—A receipt, reciting payment in full of an indebtedness, is not conclusive upon the party signing it, but may be explained, modified or contradicted by parol evidence.

2. *Account stated; impeachment of.*—In an action on account stated for a balance shown by an accounting between the parties, the balance shown on such settlement is only *prima facie* correct, and is subject to impeachment or falsification in whole or in part.

3. *Trial; production of papers.*—A plaintiff, having in his possession in court receipts which defendant requires as evidence, may be required to produce them, on motion, and on failure to do so may be non-suited.

4. *Trespass; evidence; relevancy; former suit between parties.* In an action of trespass *de bonis asportatis*, where the defendant justified the taking under a mortgage the payment of which was disputed, evidence that defendant had sued plaintiff on a note not connected with the mortgage is irrelevant and immaterial.

5. *Same; evidence; bias of witness.*—For the purpose of showing bias or partiality, it is permissible to ask a witness "if he was not pretty hot" about being sued by defendant.

6. *Evidence; experts.*—Whether or not a mule is blind is not a question for expert evidence.

7. *Evidence; entries on books.*—The entries on defendant's books are not admissible in evidence to show payments made by plaintiff on a mortgage debt, where the evidence fails to disclose that such entries were ever assented to by plaintiff as being correct, or that the witness testifying to the entries, at or about the time the entries were made, knew their contents and knew them to be correct.

8. *Evidence; objections.*—A motion to exclude a statement as a whole, part of which is competent, is properly overruled.

9. *Trial; bill of exceptions; general exception.*—A recital in a bill of exceptions that "defendant asked the following charges, all of which the court refused, and defendant severally and sepa-

[Rarden v. Cunningham.]

rately excepted," does not show that the court was requested separately to give each charge, or that a separate exception was reserved to the refusal of each, and is unavailing unless all of the charges should have been given.

10. *Charge to jury; abstract charge.*—A charge based upon evidence which has been excluded on motion is abstract and properly refused.

APPEAL from the Bessemer City Court.

Tried before the Hon. B. C. JONES.

This action was instituted by T. R. Cunningham against J. W. Rarden, and sought to recover damages for the wrongful taking of one mule, one wagon and a set of harness. The defendant pleaded the general issue, and also a special plea justifying the taking under a mortgage he held upon the property, on which defendant claimed there was a balance due when the property was taken. On these pleas issue was taken. The opinion sufficiently shows the facts as to the admission and exclusion of evidence. Charge 9, referred to in the opinion, was as follows: "I charge you, gentlemen of the jury, that the mortgage carries with it from the law date of the note the interest of 8 per cent. per annum, and you must be satisfied from the evidence that plaintiff had paid the face of the note and interest then due before it could be claimed as paid."

From a judgment for plaintiff defendant appeals.

PINKNEY SCOTT, for appellant, cited 4 Mayfield's Digest, p. 1192, § 86; *Kelly v. Brooks*, 25 Ala. 523; *Fralick v. Presley*, 29 Ala. 457; *L. & N. R. R. Co. v. Hill*, 115 Ala. 334; Code, § 2626; *Coleman v. Smith*, 55 Ala. 368; 8 Ency. Pl. & Pr., 745, § 11; *Washington v. Cole*, 6 Ala. 212; *Moon v. Crowder*, 72 Ala. 79; *Drum v. Harrison*, 83 Ala. 384; 4 Mayfield's Dig., 968, § 342; *Bethea v. Taylor*, 3 Stew. 482; 2d Mayfield's Dig., 566, § 80; *Bir. Ry. Co. v. City Co.*, 119 Ala. 615.

ESTES & SMITH, *contra*, cited 51 Ala. 415; 57 Ala. 588; 71 Ala. 110; 99 Ala. 47; 90 Ala. 416; 77 Ala. 396; 81 Ala. 464; 109 Ala. 51; 104 Ala. 176.

[Rarden v. Cunningham.]

TYSON, J.—One of the material issues presented by the pleading was whether there was anything due upon the mortgage executed by plaintiff to defendant and under which the defendant undertook to justify his taking of the property.—*Street v. Sinclair*, 71 Ala. 110. On this issue there was conflict in the evidence. The evidence in behalf of plaintiff tended to show that he had overpaid the mortgage debt before the alleged trespass was committed, while that offered in behalf of defendant tended to show he had not and that there was something due upon the mortgage. It was without dispute that on the next day after the taking of the property by defendant, the plaintiff went to the place of business of defendant and after an accounting, the mortgage was surrendered to the plaintiff after having had indorsed on it the following words: "Paid in full as shown by receipts produced," and also the dates, and amounts of the receipts. This indorsement and the receipts mentioned in it were not conclusive upon defendant but were clearly open to explanation, modification or contradiction by parol evidence.—1 Brick. Dig. 860, §§ 809-10; *Gravlee v. Lampkin*, 120 Ala. 210. It was, therefore, clearly competent for the defendant on cross-examination of plaintiff, to ask him if he had paid the interest on the mortgage debt. Upon the same principle he had the right to show by the witness Scott that plaintiff was not entitled to one of the credits claimed by him, although it was indorsed upon the mortgage and evidenced by a receipt. Nor did the accounting resulting in the indorsement, above quoted, being placed upon the mortgage, and a surrender of that paper to plaintiff preclude the defendant from showing that there was a mistake in allowing the credits claimed by the plaintiff or from showing that the item of interest which he was entitled to upon the mortgage debt was by mistake not taken into consideration in the accounting. The transaction involved no more than a statement of the account between the parties and the striking of a balance, to which both agreed. As to what that balance was, and whether in favor of the plaintiff or defendant, the evidence was in conflict; the plaintiff's evidence tending to show that it was in his favor.

while that adduced in behalf of defendant that it was in his. It it had been shown without dispute that the balance struck was in plaintiff's favor, we apprehend that this fact would not be entitled to any greater probative force than it would be had the action been brought by plaintiff against defendant to recover a balance due to him upon a stated account. And had such been the action, the balance shown would have been only *prima facie* correct, subject to impeachment or falsification in whole or in part.—*Ware v. Manning*, 86 Ala. 238; *Rice v. Schloss*, 90 Ala. 416; *Sloan v. Guice*, 77 Ala. 394.

If plaintiff had the receipts in court, he should have been required to produce them on motion of defendant. And failing, should have been non-suited.—§§ 1859 and 1860 of Code.

The action of the court in refusing to permit defendant on cross-examination of plaintiff to show that he (defendant) had sued him (plaintiff) upon the guano note, was proper. That fact was immaterial and would have shed no light upon the issues involved.

However, the defendant on cross-examination of Norris, should have been allowed to ask him "if he was not pretty hot about being sued" by defendant, as tending to show his bias or partiality.—*Drum v. Harrison*, 83 Ala. 384.

We are clearly of the opinion that it does not require that a witness should be an expert in order to testify that a mule is blind. Whether a witness, expert or non-expert, can testify that the blindness was caused by a lick in the eye we need not decide. That question is not raised, since the motion to exclude the statement of the witness, a part of which was competent, did not point out the supposed objectionable statement.—*Davis v. The State*, 131 Ala. 10; *Ray v. The State*, 126 Ala. 9, and cases there cited.

The evidence failing to disclose that the entries on the books of defendant showing the amounts paid by plaintiff on the mortgage debt were ever assented to by plaintiff as being correct, or that the witness, at or about the time the notices were made, knew their contents and

knew them to be correct, the exclusion of the entries from evidence was proper, but not upon the ground urged in the objection.—*Bolling v. Fannin,* 97 Ala. 619, 621.

The bill of exceptions recites that "after all the testimony was in, the defendant then asked and requested the court to give to the jury the following written charges, numbering consecutively from one to nine, all of said charges the court refused to give and which the defendant there and then in open court severally and separately excepted." We feel constrained to hold that this does not show that the court was requested to give separately each of the charges, but that it was a request to give all of them as an entirety and that the court refused them as a whole, and not each one separately. And therefore the exception reserved to the action of the court was general, and is unavailing unless all of the charges should have been given.—*McGehee v. The State,* 52 Ala. 224; *Smith v. The State,* 130 Ala. 95; *Alston v. The State,* 109 Ala. 51, 54; *Milliken v. Maund,* 110 Ala. 332. Pretermitting any reference to the merits of all the charges except the one numbered 9, it is entirely clear that it was properly refused on account of being abstract, the evidence as to interest on the mortgage debt having been excluded.

For the errors pointed out the judgment must be reversed and the cause remanded.