# Craze *v.* The Alabama State Land Co.

## *Trover and Conversion.*

(Decided April 16, 1908.   46 South. 479.)

1. *Trover; Proof of Value; Logs.*—Although a plaintiff in trover may prove the value of the chattels converted at any time between the date of the conversion and trial, in the absence of evidence that the logs converted had been cut into lumber, plaintiff could not show the value of the lumber at the mill to which defendant sold the logs.

2. *Words and Phrases; Lumber.*—Lumber means more than logs or timber, and is distinguishable therefrom, it having reference to the manufactured product.

3. *Trover and Conversion; Logs; Instruction.*—When application was made to purchase land accompanied by a small first payment, and the application was rejected and the payment retained because timber had been cut from the land by the party offering to purchase, it was not error to instruct that if the seller was entitled to recover, the jury should not consider that he held the money belonging to the purchaser.

4. *Same; Instruction.*—One making application to purchase land accompanied by a small payment, in which application was a clause rendering the application not binding on the company until accepted by its president in writing, was not authorized to enter upon the land and cut the timber thereon until he received his deed, or was put in possession as a purchaser, and he could not assume that the application was accepted, because of a failure to notify him in a reasonable time of its acceptance or rejection.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Trover by the Alabama State Land Company against A. J. Craze.   From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

Trover by the Alabama State Land Company against A. J. Craze for the cutting of 423 logs from lands belonging to the plaintiff; (2) for 125,000 feet of lumber, the property of the plaintiff; and (3) trespass upon certain lands by going upon and cutting timber thereupon. The evidence tended to show the cutting by defendant of about 165 pine trees and 258 oak trees from a part of

the land described in the complaint and a sale by defendant of the logs to one Brown, who was running a sawmill there. It was shown that the pine trees were worth about $1.75 per thousand and that oak trees were worth about $2 per thousand. The witness was further asked, "What was lumber worth at Brown's mill?" and witness was permitted to answer over objection of defendant. The defendant attempted to justify in that he made application to the land company to purchase the land and paid the first payment of $45 and inclosed the application and check to the agent of the land company, and never heard any more from it until he received a letter from the agent of the land company stating that his application had been rejected, and the first payment was not returned, because he understood that timber had been cut by him on the land. The sale was never perfected.

At the request of the plaintiff the court gave the following charges: "(1) If you are reasonably satisfied that the plaintiff is entitled to recover, then in making the amount of your verdict you must not take into consideration the fact that the plaintiff has in its possession money belonging to the defendant. (2) The court charges the jury that if the defendant made the application for the purchase of the land in form of the one in evidence, and if you further find that he sent the same to Mr. Payne, together with check for $45 to go as a part payment on the land, and if you further find that before the application or money was received by the Alabama State Land Company the defendant cut the timber and converted the logs in possession, and that when Mr. Payne sent defendant's money and application to the Alabama State Land Company said company rejected his application promptly and returned the money to Mr. Payne, then I charge you that you must find a verdict for the plaintiff on the first and second counts."

[Craze v. The Alabama State Land Co.]

The following charges were refused to defendant: (1) The general affirmative charge. "(2) The clause in the application to purchase the land, to the effect that the application is not binding on the Alabama State Land Company until accepted by its president by his written indorsement thereon, is a clause for the benefit of the Alabama State Land Company, and said clause may be waived by the Alabama State Land Company; and if the jury are reasonably satisfied from the evidence that said application for the purchase of the land was accepted by the Alabama State Land Company, then you must find for the defendant. (3) The court charges the jury that it was the duty of the plaintiff, on receiving defendant's application for the purchase of the land and the money that was paid by defendant for the land, to notify defendant in a reasonable time whether said application was accepted or rejected; and if plaintiff failed for a reasonable time after receiving said application and the money that was paid thereon to notify the defendant whether said application was accepted or rejected, then the defendant has a right to assume that the application was accepted, and, acting on such presumption, could enter upon the land and cut the timber. (4) If the jury believe from the evidence that the plaintiff had received an application from the defendant for the purchase of the land on or about Juune 1, 1906, and that defendant paid the plaintiff the sum of $45 purchase price on the lands, and that plaintiff still holds the $45 paid on the said application, and has not offered to return it to the defendant, then the jury must find for defendant."

There was judgment for plaintiff, and defendant appeals.

28 C

BILBRO, INZER & STEPHENS, for appellant.   There was no evidence that the timber was converted into lumber. —*Southern Ry. Co. v. Stewart.*   It is inequitable and unjust for appellee to retain a part of the purchase price of the land and to treat appellant as a tort feasor. *Goodman v. Winter,* 64 Ala. 410; *Robertson v. Bradford,* 73 Ala. 116; 16 Cyc. 787.   Counsel discuss other assignments of error but without citation of authority.

HOWARD & HUNT, for appellee.   Where there is an offer to purchase an unconditional acceptance of the offer must be shown before it is binding on the seller.—11 Enc. of Evid. p. 505, sec. E, note 83; Id. 508, Sec. F and note.   Under the facts in this case, plaintiff was not estopped to treat appellant as a tort feasor.—*Thompson v. New South Coal Co.,* 355 Ala. 630.

ANDERSON, J.—While the plaintiff in trover should be permitted to prove the value of the chattels converted at any time between the conversion and trial, it was error on the part of the trial court to permit proof of the value of lumber at Brown's mill, in the absence of any evidence that the logs had been converted into lumber. Lumber is to be distinguished from logs or timber (Webster's Dictionary), and in common parlance as well means more than ordinary logs.

For the same reason, the trail court erred in giving chage 2 requested by the plaintiff, as there was no proof of the conversion of lumber as set out in the second count of the complaint.

The trial court committed no reversible error in giving charge 1 requested by the plaintiff.

Charge 1, the general charge, requested by the defendant, was properly refused.

[Tennessee Coal, Iron & Ry. Co. v. Roussell.]

The trial court properly refused the other charges requested by the defendant. The fact that the company did or did not reject the plaintiff's application of purchase in no way authorized him to denude the land of the timber until he got his deed or was put in possession as purchaser. An acceptance of his application, whether express or otherwise, would merely enable him to compel performance. He was to pay only a small part in cash, and was to secure the other by mortgage on the land, and which may have been of value only because of the timber located thereon, and the defendant had no right to remove the timber therefrom until he acquired a title and had been let into possession thereunder.

The exceptions to the rulings of the court with reference to the evidence, save as is heretofore discussed, were clearly innocuous to appellant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.