# Yellow Pine Lumber Co. *v.* Alabama State Land Co.

## Trover and Trespass.

(Decided Feb. 2, 1911. 54 South. 608.)

1. *Trespass; Cutting and Removing Timber; Sale; Conversion.*—Where one cuts timber from land knowing that he is not the owner, and after he has proposed to the owner's agent to purchase the land. and sells the lumber manufactured to another, the one cutting the lumber is a wilful trespasser, and the persons deriving title from him occupies the same relation as to the owner of the timber.

2. *Trover and Conversion.*—Where one knowingly cuts timber from another's land and manufactures it into lumber and sells it to another, and it is found stacked on the millyard, a charge that if the purchaser purchased the lumber and claimed it under the purchase that such purchase and claim would constitute conversion, was proper.

3. *Bill of Exceptions; Construction.*—Where the action was to recover for the conversion of lumber sawed from timber taken from plaintiff's land, and the bill of exceptions stated that the person who cut the timber stacked the lumber in his millyard, and sometime before plaintiff's attachment was levied upon it, sold it to the defendant. and that the lumber was stacked on the yard at the time of the attachment except about 75,000 feet thereof, which had been moved, the bill of exceptions did not authorize a finding 'that there was no conversion by the defendant because the evidence showed that. while it had. purchased the lumber from the person cutting it, it still remained on such. person's yard, and that defendant assumed no dominion or control over it, although the bill in another part recited that the lumber was stacked in the millyard and that at the time suit was begun, defendant had not removed any part of it.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by the Alabama State Land Company against the Yellow Pine Lumber Company for conversion of lumber. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts seem to be that one Ferguson cut about 225,-000 feet of lumber from lands belonging to the plaintiff, and sold it to the defendant, and that at the time the suit was brought it was stacked in the mill yard of Ferguson. It seems that when Ferguson's attention was called to the fact that he had gone over the line in cutting the timber he made an effort to purchase the land, and paid to the agent of the corporation owning the land the fee and cash payment usually required with that character of application for the purchase of land. The corporation declined to consummate the trade and Ferguson continued to cut; he claiming that the agent told him it would be all right to continue, as he had purchased, and the agent denying this fact.

The following is charge 8, requested by and given for the plaintiff: "I charge you, gentlemen of the jury, that if the Yellow Pine Lumber Company bought the lumber from J. R. Ferguson which he cut from the east half of the southwest quarter and the southwest quarter of the southwest quarter of section 21, township 3, range 9, in Jackson county, Alabama, before the levy of the attachment, and claimed said lumber under their said purchase, then that would constitute a conversion of the lumber."

JOHN B. TALLEY, for appellant. We think, under the facts in this case, there was no conversion, so far as this appellant was concerned, and that the court should have given written charge 2 requested by appellant, and should have refused charges 7 and 8 requested by appel-

[Yellow Pine Lumber Co. v. Alabama State Land Co.]

lee.—*Thweatt v. Stamps,* 67 Ala. 96; *Central R. R. & B. Co. v. Lampley,* 76 Ala. 357; *Bolling v. Kirby,* 90 Ala. 215; *Davis v. Hurt,* 114 Ala. 146. While Ferguson may have had no right to cut the timber by virtue of his application to buy the land (*Craze v. Alabama State Land Co.* 155 Ala. 431) yet the invitation of the agent to proceed robbed his act of any willfulness, and the measure of damages was properly set forth in written charges 1, 3, 4 and 5 requested by appellant, and refused by the court.—*White v. Yawkey,* 108 Ala. 273; *B. M. R. R. v. T. C. I R. R. Co.* 127 Ala. 137.

Howard & Hunt, for appellee. Under the facts, Ferguson was a willful trespasser.—*Craze v. Ala. St. L. Co.* 155 Ala. 434. The burden was on the defendant to show what amount, if any, of the trees had been inadvertently cut.—1 Greenl. sec. 34. A willful trespasser's vendee is treated as standing in the shoes of his vendor, although guiltless of intentional wrong.—*B. M. R. R. Co. v. T. C. I. & R. R. Co.* 127 Ala. 147. Construing the bill of exceptions most strongly against the exceptor (*Milliken v. Maund,* 110 Ala. 335) it cannot be said that it fails to show a conversion.—13 Enc. of Evi. 74b; *Bolling v. Kirby,* 90 Ala. 221. Plaintiff had a right to amend his attachment affidavit.—Sec. 5367, Code 1907.

SIMPSON, J.—This action is by the appellee against the appellant, for the conversion of certain lumber. One Ferguson, whose employes had gotten over the line and taken some timber from the premises of the plaintiff, proposed to the agent of the plaintiff to buy the land, and paid to him the first purchase money; but the receipt shows that the money was received subject to the ratification by the proper authority of the company, and the evidence shows that said corporation refused

to ratify the sale. Ferguson continued to take timber from the lands of the plaintiff, converting it into lumber, and selling the amount involved in this suit to the defendant.

Although Ferguson may have supposed that his proposition to buy would be accepted, and may have relied on the assurance of the agent (which, however, is denied by said agent) that it would be all right for him to go on taking the timber, yet he was presumed to know the law, that the title to the property was not in him, and, consequently, in taking the timber, after he had proposed to buy it, he was a willful trespasser. The defendant, deriving title from him, occupies the same relation as Ferguson.—*Craze v. Ala. State Land Co.*, 155 Ala. 431-435, 46 South. 479.

It is insisted, in the next place, that there was no conversion by the appellant, because the evidence shows only that it had bought the lumber from Ferguson, but that it still remained in Ferguson's yard, and defendant had not assumed any dominion or control over it. Even aside from the discussion as to just what acts of dominion or control, on the part of a purchaser, are necessary to constitute a conversion, "exceptions are construed most strongly against the party excepting, and if the bill is capable of two constructions, one favorable to the lower court and the other unfavorable, that construction will be adopted which will sustain, rather than that which will reverse, the judgment."—*Milliken v. Maund*, 110 Ala. 335, 20 South. 310. The bill of exceptions in this case states that Ferguson "stacked the lumber on the mill yard, and some time before the attachment was levied sold it to defendant; the lumber was stacked on the yard at the time the writ of attachment in this case was levied on it, except about 75,000 feet that had

been moved." This certainly is open to the inference that the defendant had removed that much, if it does not also furnish an inference that it was exercising dominion over all. It is true that in the latter part of the bill of exceptions it is stated that "the lumber in controversy in this case was stacked on the mill yard, and said Evans bought it as he had been buying from said Ferguson; but he had not, at the time this suit was commenced, removed any part of it." While it is true that said Evans was the general agent of the defendant, yet, in view of the previous statement, and of the rule of law adverted to, we cannot say that no agent of the defendant had exercised dominion and control over the lumber. It follows that the court properly refused charge No. 2, requested by the defendant, which was the general charge.

The question then arises whether or not the court committed error in giving charge 8, on the request of the plaintiff. In a case where the mortgagee of cotton brought trover against one who had purchased it from the mortgagor, and S. (the mortgagor) testified merely that he had taken the cotton to town and sold it to the defendant, this court said: "A sale implies, and this testimony of S. imports, a delivery of the property to the purchaser. Such purchase, payment for, and taking possesion of the cotton, by R.—all presumptively for his own benefit and behoof—import, or, at least, are facts authorizing the jury to find the assumption of dominion over the property by the purchaser in his own right, and subversive of the rights others might have in it.   *   *   * This assumption of dominion over it by R. was wrongful, and, in and of itself, amounted to and was a conversion. * * * The conversion was consummated and complete, whether R. ever disposed of the property or not, and

without demand upon him and refusal by him to surrender .the property."—*Woods v. Rose & Co.*, 135 Ala. 297, 300, 33 South. 41.   Under the principles of the case just cited, in connection with the facts of this case, the court did not commit any error in giving said charge 8.   28 Am. & Eng. Ency. Law (2d Ed.) 704.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD. JJ., concur.