# Hunnicutt Lumber Company *v.* Mobile & Ohio R. R. Company.

## *Assumpsit.*

### (Decided Nov. 30, 1911.  57 South. 73.)

1. *Accord and Satisfaction; Agreement; Pleading.*—Where the action was on a demand made up of a series of distinct invoices for lumber sold, and the complaint alleged that the several amounts were due and unpaid with interest, a plea setting up as an accord and satisfaction that the bill for each invoice was paid before the commencement of the suit, and payment accepted by plaintiff in full settlement for said invoices, the facts therein alleged constituted a valid agreement of accord and satisfaction, and a demurrer to the plea based on the ground that it was not alleged, that the acceptance was in full settlement or satisfaction of the debt sued on, was properly overruled.

2. *Same; Question for Jury.*—Under the evidence in this case, it was a question for the jury whether part of the principal remained unpaid so as to withdraw it from the operation of an alleged accord and satisfaction.

3. *Evidence; Receipts; Parol Evidence.*—A receipt in full for shipment of lumber is open to explanation or contradiction by parol testimony; but testimony given by the person who signed the receipt, that the matter of interest on the amount due for lumber was not mentioned, and denying that the execution of the receipt had the effect which the law imputes to it, was not a contradiction of the receipt, nor did it tend to show that there was any agreement on the subject of interest other than that expressed in writing.

4. *Interest; Payment.*—Where the plaintiff made several shipments of lumber under an agreement that each shipment should be paid for within sixty days from date of shipment, and the amount of each shipment was paid for, but not within sixty days, and plaintiff receipted for each amount in full of the above account, and the contract contained no provision for interest, the plaintiff could not recover interest; under the circumstances, interest was merely an incident to the principal debt, and the acceptance of the principal extinguished the right to recover interest, unless there was an agreement or understanding that the right to claim interest was reserved.

[Hunnicutt Lumber Company v. Mobile & Ohio R. R. Company.]

5. *Charge of Court; Covered by Those Given.*—Where written charges requested are fully covered by written charges already given at the request of the party, the court will not be put in error for refusing a repetition of the proposition.

6. *Appeal and Error; Questions Reviewable; Evidence.*—Where the bill of exceptions contain the statement that the evidence set out therein was all the evidence in the case, and a certain written agreement was referred to in a written instruction construing such agreement, but such agreement is not set out in the bill of exceptions, the exception to the refusal to give a written charge presents matters which cannot be reviewed.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Assumpsit by the Hunnicutt Lumber Company against the Mobile & Ohio Railroad Company. Judgment for defendant and plaintiff appeals. Affirmed.

The action is on the common counts. Plea 4 is as follows: "The defendant, for further answer to said complaint, saith that the amount upon which this suit is brought is made up of a series of separate and distinct invoices for lumber sold by plaintiff to defendant, and that each of said invoices was, before the commencement of this suit, paid by the defendant and accepted by the plaintiff in full settlement for said invoices, and the defendant pleads said fact as an accord and satisfaction of said debt." The demurrer to the plea was that it does not appear that the plaintiff accepted said alleged amount in full settlement or the satisfaction of said debt sued on. The charges referred to are as follows: "I charge you that, though you may believe from the evidence that the plaintiff has received all the principal of his debt, yet, if you believe from the evidence that he did not receive the same in full satisfaction, then your verdict must be for the plaintiff." The other charges were that the title to the account here sued on is in the plaintiff, the Hunnicutt Lumber Company.

FULLER & WHITE, and LOGAN & LOGAN, for appellant. The receipt was open to explanation by parol.—Section

[Hunnicutt Lumber Company v. Mobile & Ohio R. R. Company.]

3973, Code 1907. The demurrer to plea 4 should have been sustained.—*City of Montgomery v. Shirley*, 48 So. 679; *Cobb v. Malone*, 86 Ala. 571; *Smith v. Elrod*, 122 Ala. 269. Apayment of part of the debt is not in legal contemplation a satisfaction of the remainder.—*Westcott v. Waller*, 47 Ala. 492. The demurrer was liable for the interest.—*Fuller v. King*, 20 L. R. A. 782; *Turner v. Merrill*, 31 L. R. A. 171; *Westcott v. Waller, supra*. On these authorities, it must be held that the court erred in refusing the charges requested by the plaintiff.

OLIVER, VERNER & RICE, and LAVENDER & THOMPSON, for appellee. The acceptance of the principal in full precluded the suit for interest.—*Westcott v. Waller*, 47 Ala. 492; *Fuller v. Kemp*, 20 L. R. A. 785; 22 A. & E. Enc. of Law, 529. Under these authorities, plea 4 was good. It was a question for the jury whether the Hunnicutt Lumber Company was the owner of the account.—*Nelson v. Shelby Mfg. Co.*, 96 Ala. 530; *Massey v. Smith*, 73 Ala. 173.

WALKER, P. J.—Plea 4 set up, as an accord and satisfaction, that the demand sued on was made up of a series of separate and distinct invoices for lumber sold by the plaintiff to the defendant, and that each of said invoices was, before the commencement of the suit, paid by the defendant, and accepted by the plaintiff in full settlement for said invoice. As the complaint claimed the amounts alleged in the several counts to be due, "with interest thereon," the purport of the plea was to set up the payment and acceptance of the principal of the account as an accord and satisfaction. The facts alleged constituted a valid executed agreement in accord and satisfaction. The demurrer to the plea was properly overruled.—*Westcott v. Waller, Guardian*, 47

Ala. 492; *Smith v. Gayle,* 62 Ala. 446; 1 Ency. of Pl. & Pr. 77, 80. The ruling in the case of *City Council of Montgomery v. Shirley,* 159 Ala. 239, 48 South. 679, does not stand in the way of the conclusion just stated. The plea in that case, which was held subject to demurrer, merely set up the making of an executory agreement, not averred to have been accepted as a satisfaction or discharge of the demand sued on.

The claim of the plaintiff in this case was based upon a series of shipments of lumber to the defendant, under an arrangement or agreement which provided for payments of the price of the lumber within 60 days from the dates of the several shipments. Invoices covering the several shipments, showing the items of lumber and the amounts due therefor, were sent to the defendant. The amounts called for by each of these invoices were paid by the defendant, the payments being evidenced by the plaintiff's signature to "pay vouchers," which set out the items embraced in the several invoices, and each of which embodied a receipt of the amount stated in the corresponding invoice "in full of the above account"; but such payments were not made within 60 days from the dates of the several shipments. The contract between the parties contained no provisions for interest. The main claim of the plaintiff was that it was entitled to interest on the several amounts after the lapse of 60 days from the dates of the shipments, and that this claim of interest was not barred by the payments and receipts above mentioned.

When interest is not stipulated for by the contract between the parties, and is recoverable merely as, or in lieu of, damages in the event of default in the payment of a liquidated demand when due, being in such case, not the basis of a separate right of action, but merely an incident to the recovery of the principal debt, the pay-

ment and acceptance of the principal as such extinguishes the right to recover interest thereon, in the absence of any agreement or understanding that the right to claim interest is reserved.—*Westcott v. Waller, Guardian,* 47 Ala. 492; *Stewart v. Barnes,* 153 U. S. 456, 14 Sup. Ct. 849, 38 L. Ed. 781, note; *Fuller v. Kemp,* 20 L. R. A. 785, 189, note; 22 Cyc. 1572. It is plain that a receipt, signed by the creditor with a full knowledge of all the facts, for the amounts shown to be due by an itemized statement of account, expressed to be "in full of the above account," imports a full discharge of the debt, principal, and interest. It expresses that meaning, and it "must have effect according to the intention of the parties."—Code 1907, § 3973; *Eufaula National Bank v. Passmore,* 102 Ala. 370, 14 South. 683; *Stegall v. Wright,* 143 Ala. 204, 38 South. 844.

It is true that such a receipt is open to explanation or contradiction by parol evidence. But the testimony of the person who signed such paper, merely to the effect that the matter of interest was not mentioned, and denying that the execution of the receipt had the effect which the law imputes to it, by no means contradicts it, or tends to show that there was any agreement on the subject, other than that expressed in the writing.

An application of the principles above stated to the facts of this case leads to the conclusion that the plaintiff was not entitled to recover interest on the amount of the account, the principal of which had been paid under the circumstances above mentioned, and that there was no error in the refusal to give the general affirmative charge requested by the plaintiff, on the theory that the evidence did not show a payment of its entire claim or an accord and satisfaction therefor.

For the same reason, the plaintiff was not entitled to require the court to give the charge set out in its third

assignment of error, unless the undisputed evidence in the case showed that, as a result of an error, part of the principal of the account had not been paid, and so was withdrawn from the operation of the alleged accord and satisfaction. The appellant insists that the undisputed evidence was to that effect. This claim is based upon the part of the testimony of the witness Hunnicutt, referring to an alleged error of $34.66 in one of the pay vouchers. It is insisted that there was no evidence tending to contradict his testimony in that connection to the effect that, as the result of such error, that amount of the principal due on one of the invoices remained unpaid. This insistence is not supported by the bill of exceptions. The witness stated that he discovered the alleged error by examining the account books. So it appears that his statement was based upon what he understood the books to disclose. Subsequently the defendant offered in evidence the account books themselves. The accounts as shown by the books are not copied into the bill of exceptions; but it recites that they showed—not merely tended to show—upon their face that the defendant had overpaid its account to the plaintiff, as shown by the latter's book account. The witness Berry testified that he checked all the vouchers made covering the invoices for lumber bought from the plaintiff, and found them correct. In the light of such evidence, the claim cannot be sustained that the evidence showed, without dispute, that part of the principal of the account sued on, as a result of an error in the statement rendered, had not been paid. The most that can be said in behalf of the plaintiff in this connection is that it was a question for the jury whether or not, as the result of an error, part of the principal of the account sued on remained due and unsettled. This being true, there was no error in the refusal of the

charges set out in the third and fifth assignments of error.

The proposition embodied in the charge set out in the fourth assignment of error was fully covered by a written charge given at the request of the plaintiff. He cannot complain of the refusal of the court to repeat the proposition.

The bill of exceptions shows that, by a written charge requested, the plaintiff referred to a written agreement, signed by persons named, as in evidence in the case, and invoked a ruling of the court as to its legal effect. The request for this charge shows that it was a controverted question in the trial whether that instrument affected the right or title of the plaintiff to the account sued on, and amounted to a statement or admission by the plaintiff that such a paper was in evidence; but the bill of exceptions does not set out or otherwise refer to it, and contains a statement that the evidence set out was all the evidence in the case. This latter statement is repugnant to the showing made by the bill of exceptions that such an instrument was in evidence. In other words, one part of the appellant's bill of exceptions indicates that such a paper was in evidence, and another part of it asserts that it was not. The question, then, is as to the construction to be placed upon a bill of exceptions containing such repugnant or contradictory statements as to the evidence in the case. A bill of exceptions is construed most strongly against the party excepting, and when it admits of two constructions, one favorable to the lower court, and the other unfavorable, that construction will be adopted which will sustain, rather than that which will reverse, the judgment. —*Milliken v. Maund,* 110 Ala. 332, 20 South. 310; *Massey v. Smith,* 73 Ala. 173. The statement in the plaintiff's bill of exceptions in this case, indicating that the

paper referred to was in evidence, is entitled to as much weight as the statement that the bill of exceptions, which omitted such paper, contained all the evidence. Other written charges requested by the plaintiff also indicated that it was a controverted question in the case whether it owned the claim sued on, though the evidence as detailed in the bill of exceptions does not indicate how such a question arose.

Construing the bill of exceptions as showing that a paper was admitted in evidence which was claimed to have a bearing upon the question of the plaintiff's ownership of the demand sued on, it is a result of the failure of the bill of exceptions to set out that paper, or to state its import, that this court has not before it the evidence in reference to which the trial court made its rulings on that phase of the case, and is in no position to affirm that there was or was not error in those rulings. The conclusion is that, as the bill of exceptions affords ground for a reasonable inference that evidence was introduced which was claimed by the defendant to have a bearing upon the question of the plaintiff's ownership of the claim sued on, but fails to disclose what that evidence was, it does not properly present for review on appeal the rulings on that question; the result being that assignments of error based on those rulings cannot be sustained.

The record does not show that the trial court was in error.

Affirmed.