(94 South. 527)
### FIRST NAT. BANK OF GADSDEN v. MEEKS.   (7 Div. 342.)

(Supreme Court of Alabama.   Nov. 2, 1922. Rehearing Denied Dec. 7, 1922.)

1. **Exceptions, bill of** ☞26—**Bill construed against exceptor.**

Exceptions are construed most strongly against the exceptor; and, if the bill is capable of two constructions, that favorable to the ruling of the lower court will be adopted, that the judgment may be sustained rather than reversed.

2. **Chattel mortgages** ☞138(3)—**Mortgagee of cotton, holding nonnegotiable warehouse receipts, held chargeable with notice of landlord's lien.**

Where warehouse "tickets" or receipts for cotton were nonnegotiable, a bank, as holder of same as collateral to crop notes of subtenants, assumed no more secure position, as against the landlord, than if the same had been held by the subtenants or their mortgagee; hence, notwithstanding Code 1907, § 6135, the bank was chargeable with notice of the superior rights of the landlord to subject the cotton grown on her land for payment of her superior lien for rent and advances, and to satisfy the lien out of the crops of subtenants who had never given the landlord notice to levy upon the crop of the tenant in chief, under section 4745.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Attachment by Mary J. Meeks against T. J. Nicholson, the First National Bank of Gadsden, claimant. On trial of the right of property, there was judgment for plaintiff, and the claimant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Motley & Motley, of Gadsden, for appellant.

A holder otherwise in due course is a bona fide holder of negotiable paper for value, though he has taken it as collateral security for a pre-existing debt. 200 Ala. 351, 76 South. 117; 123 Ala. 380, 26 South. 207, 82 Am. St. Rep. 126; Code 1907, §§ 4982, 5007 (s); 145 Ala. 600, 40 South. 567; 116 Ala. 135, 22 South. 550. The landlord's lien does not prevail against one who purchases from the tenant for a valuable consideration without notice of the lien, and after removal of the crop from the rented premises. 120 Ala. 59, 24 South. 1. A warehouse receipt stands in lieu of the goods, and each transfer of it is a symbolical delivery of possession of the goods. 1 Ala. App. 394, 55 South. 929; Code 1907, § 3165. A general charge on the evidence should be given, when the evidence, although without conflict, rests on inference, or the jury is authorized to make any deduction fatal to the right of recovery,

or defense, as the case may be. 81 Ala. 329, 1 South. 561; 52 Ala. 115; 122 Ala. 362, 25 South. 197.

Culli & Hunt, of Gadsden, for appellee.

Exceptions are most strongly construed against the party excepting, and if the bill is capable of two constructions, that construction will be adopted which will sustain the judgment. 171 Ala. 80, 54 South. 608; 110 Ala. 335, 20 South. 810. A receipt in which it is stated that the goods received will be delivered to the depositor, or to any other specified person is nonnegotiable, and indorsement of such a receipt gives the transferee no additional right. Acts 1919, pp. 662, 670. Whatever is sufficient to put a party on inquiry is enough to charge him with notice. 143 Ala. 427, 39 South. 403.

THOMAS, J.   Plaintiff in attachment sought to recover rents due her by the tenant in chief, T. J. Nicholson, for the year 1920. The attachment writ was levied upon cotton of subtenants and the First National Bank of Gadsden filed an affidavit and bond—a claim suit for the cotton in question—and demanded a trial by jury, and there was verdict for plaintiff.

At the time the attachment was sued out and levy made, defendant Nicholson, the tenant in chief, had nothing in the way of crops upon which levy could be made. The crop he had raised on the land had been sold by him prior to issuance of the attachment, and such sale by the tenant in chief was without the consent of the landlord.

The evidence is without conflict that the cotton levied upon, and in issue between the landlord, tenant, and claimant, was grown on the lands of the plaintiff by the subtenant of the tenant in chief (Nicholson). who was indebted to the landlord for the rent and advances, the collection of which was sought by attachment; that the subtenants had never given the landlord notice to levy upon the crop of the tenant in chief, as provided by section 4745 of the Code.

The claim of the bank may be thus stated: W. A. Turner held a mortgage or crop notes against the Paynes, subtenants of T. J. Nicholson, for the year 1920, which notes were "indorsed" by him to the First National Bank of Gadsden. When due they were renewed, and after their renewal the warehouse receipts for the cotton in question were attached to said notes as collateral security to the bank. Some time in January, 1921, after the notes had become due in the fall of 1920, said warehouse receipts for the cotton were delivered to the bank by Turner. This witness referred to the warehouse receipts as cotton "tickets." The record fails to disclose whether the warehouse certificates or receipts for the cotton, referred to in evidence as "tick-

ets," were negotiable or nonnegotiable; that the same were or not indorsed by any one; that at the time the bank received the certificates from Turner it made no inquiry of the source whence they came or the lands on which the cotton was gathered; and no one connected with the bank testified at the trial.

[1] Assignment of error challenges the giving, at the plaintiff's request, of the general affirmative charge with hypothesis, and the refusal of such charge requested by claimant. Exceptions are construed most strongly against the exceptor; and, if the bill is capable of two constructions, that favorable to the ruling of the lower court will be adopted, that the judgment may be sustained rather than reversed. The bill of exceptions being silent in regard to the negotiability or nonnegotiability of the cotton "tickets" or warehouse receipts in question, this court in considering the bill of exceptions before us will construe the same most strongly against the appellant, and treat the certificates as nonnegotiable, and for such reason appellant was chargeable with notice of the lien of the landlord. This is the result, as stated, of the rule of construction that a bill of exceptions will be construed most strongly against the exceptor, and in aid of the judgments or rulings of the trial court. Warble v. Sulzburger Co., 185 Ala. 603, 64 South. 361; Jones v. White, 189 Ala. 622, 66 South. 605; Lamar v. King, 168 Ala. 285, 53 South. 279; Yellow Pine Lbr. Co. v. Ala. State Land Co., 171 Ala. 80, 54 South. 608; Beard v. DuBose, 175 Ala. 411, 57 South. 703, 63 South. 318; Anniston Mfg. Co. v. Sou. Ry. Co., 145 Ala. 351, 40 South. 965; Wadsworth v. Williams, 101 Ala. 264, 13 South. 755; Evansville Co. v. Slater, 101 Ala. 245, 15 South. 241; Milliken v. Maund, 110 Ala. 332, 20 South. 310; Massey v. Smith, 73 Ala. 173; Sloss-Sheffield Co. v. Redd, 6 Ala. App. 404, 60 South. 468; Hunnicutt Lbr. Co. v. M. & O. R. R. Co., 2 Ala. App. 436, 57 South. 73; Continental Gin Co. v. Milbrat, 10 Ala App. 351, 65 South. 424; Sou. Ry. Co. v. Kendall & Co., 14 Ala. App. 242, 69 South. 328.

[2] The warehouse "tickets" or receipts being nonnegotiable, the bank, as holder of the same as collateral, assumed no more secure position than if the same had been held by the subtenants or their mortgagee; and the bank was chargeable with notice of the superior rights of the landlord to subject the cotton grown on her land for payment of her superior lien for rent and advances and that such lien may be satisfied out of the crops of subtenants. The insistence is made that, under section 6135 of the Code, the receipt of a warehouseman on which the words " 'not negotiable' are not plainly written or stamped, may be transferred by the indorsement thereof, and any person to whom the same is transferred must be deemed and taken to be the owner of the things or property therein specified, as far as to give validity to any pledge, lien, or transfer made or created by any such person;" but it is of statutory declaration that "this section must not be so construed as to affect or impair the lien of a landlord on such things or property for rent or advances, or to affect or impair any lien thereon created by contract, of which notice is given by registration in the mode prescribed by law," etc. It is, then, the legislative will that this statute be not so construed as to defeat the lien of the landlord. The bank, having the burden of showing that it was an innocent holder of the warehouse receipts for value without notice, failed to discharge the same as by law imposed upon it. The general affirmative charge was properly given for the plaintiff in attachment, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.