## WILLIAMS v. STANTON ET AL.

An accord not executed no bar to an action upon a receipt.

ERROR to reverse a judgment of the County Court in action brought by said Williams, as a deputy sheriff, against said Stanton et al. declaring upon a certain receipt executed by the defendants, wherein they acknowledge the receipt of a quantity of goods taken by the plaintiff upon an execution in favor of the state, against one Rathbone et al. which goods they promised to deliver to the plaintiff at the sign post at the end of twenty days; alleging that the defendants had not performed their promise.

Plea in bar — That it was accorded and agreed by and between said Rathbone, one of the debtors in said execution, and the plaintiff; that if he would deliver to the plaintiff at the sign post twenty-five pieces of chintz, and bid £15 for them; and pay him his fees, the plaintiff would accept thereof in full satisfaction for his part of said execution; said execution being for £40, averring that said Rathbone tendered said twenty-five pieces of chintz to the plaintiff at said sign post, and also his fees, and offered to bid £15 for them, all which the plaintiff refused to receive.

The plaintiff traversed the plea in bar, upon which the parties were at issue to the court; the court found the facts as set forth in the plea in bar, and gave judgment for the defendants their cost.

Error assigned — That the issue was immaterial; that judgment ought to have been for the plaintiff.

Judgment — Manifest error; for the reason assigned in error; an accord or executory agreement, not executed can be no bar to the action upon the receipt.

## PETITION OF RUTH BUTLER, AN INSANE PERSON, BY HER OVERSEER APPOINTED BY THE SELECTMAN.

IT was determined by the court — That an insane person is not a proper subject to have an overseer appointed by the selectmen; but the law provides that such persons shall have a conservator appointed by the County Court.