WESCOTT *vs.* WALLER, GUARDIAN.

[ACTION ON JUDGMENT—ACCORD AND SATISFACTION.]

*Accord and satisfaction; what may be pleaded as.*—Where a debtor pays the principal of his debt, which is received by the creditor, in full satisfaction, whether the debt be passed due, or running to maturity, it is a good defense, and may be pleaded as an accord and satisfaction.

APPEAL from the Circuit Court of Montgomery.
Tried before Hon. MILTON J. SAFFOLD:

THIS was an action by Waller, as guardian of Sarah V., Abram C., and Virginia Vickers, minors, against Wescott, upon a judgment recovered by Ann E. Allsover against appellant, Wescott, at the fall term, 1861, of the circuit court of Montgomery, for the sum of $760 32, which judg-

ment had been transferred to and was the property of Waller, as guardian, &c.

The parties went to trial upon "the plea of the general issue, with leave to give in evidence any matter that could be specially pleaded in bar of said action." The plaintiff read in evidence the complete record of the judgment described in the complaint, and then rested.

Defendant set up two defenses to the action :

1st. That said judgment was recovered on a bill of exchange made by one D. J. Bunting, for a negro slave bought by him of Ann E. Allsover, and that one James W. Powell and defendant were parties to said bill of exchange as sureties; that in 1866 defendant, without any knowledge that said judgment had been transferred to plaintiff, compromised the same with Ann E. Allsover by the payment of $880 ; the costs and interest on said judgment to May, 1862, having been previously paid, which was received, and was intended by the parties to be received, in full satisfaction and discharge of said judgment.

2d. "That in the year 1869, on defendant's petition, the circuit court of Montgomery set aside said judgment, and granted a new trial, which resulted in a verdict and judgment for the defendants; that when the cause was called for a second trial, defendant proposed to have the order for a new trial set aside, and the cause stricken from the docket, but that plaintiff objected to this, and insisted upon having a trial, under said order of the circuit court, and defendant was required to go on with the trial, which resulted as aforesaid."

Defendant introduced and read in evidence an entry on the sheriff's execution docket, as follows :

"Ann E. Alsover ) *Fieri facias* from Montgomery Circuit Court, Fall Term, 1866. Judgment dated 19th November, 1861, issued Aug. 1st, 1866. Judgment, $760 32 ; interest up to compromise, with interest as follows, $40 00 ; clerk's fees, $1 30 ; sheriff's fees, $24 00. This judgment is satisfied by a compromise between plaintiff and defendant, as stated by plaintiff's attorneys, Aug. 11th, 1866.

"Received, Aug. 11th, 1866, of A. H. Johnson, sheriff, eight hundred and eighty dollars, in full of this case.

"SANFORD & FULLER,<br>"Plaintiff's Att'ys."

Defendant also offered in evidence the record of the proceedings in the circuit court setting aside the judgment sued on, granting a new trial thereon, and the judgment and verdict in favor of defendant on the new trial.

It appeared from the evidence that at the time of the compromise and payment of the judgment, Bunting and Powell were insolvent; that Wescott's means had been greatly impaired by the result of the late war; that he had but little property left, except his land, and that it was thought this would be confiscated by the United States, and if his land had been taken from him he could not have paid his liabilities. It was proved that the compromise was made, through her attorneys, at the special instance and direction of Mrs. Allsover, and that at the time of the settlement and compromise Wescott did not know, and had no reason to believe, that any person other than Mrs. Allsover claimed or had any interest in the judgment. It was also in evidence that plaintiffs attorneys received, and intended to receive, the $880 in full settlement and compromise of said judgment; that Waller, hearing of said payment to Mrs. Allsover's attorneys, informed one of them that he was entitled to the money paid, and that thereupon Mrs. Allsover, her husband and said Waller came to Montgomery, and talked over their respective claims in the matter in presence of one of plaintiff's attorneys, and settled the same by Waller giving Mrs. Allsover $800 of the money, the other $80 being paid the attorneys, and she gave him a receipt as guardian for so much money to reimburse her for that amount paid out for the minor children represented by plaintiff; that during this interview none of the parties objected to the compromise and amount obtained in any manner, except that Waller denied Mrs. Allsover's authority to make the compromise. Another of Mrs. Allsover's attorneys testified that the compromise was made in exact accordance with Mrs. Allsover's

written instructions, and that at the time none of the parties knew anything of Waller's claim. Wescott testified, on cross-examination, that, "so far as he knew, he was generally regarded in the community as a debt-paying man, and as one who did not owe much, and as being able to pay all his debts."

The court charged the jury, at the request of plaintiff, as follows :

"That if they found the facts as above set forth [as given above], that the payment made on the compromise, as set forth, of $880, was a good payment to that extent on the original judgment, but did not amount to a full satisfaction of the original judgment; that they should not regard the verdict and judgment rendered on the new trial ; and that, under the above state of facts, the plaintiff was entitled to recover the amount of the original judgment described in the complaint, with interest thereon, less the said sum of $880, with interest thereon from the date of its payment."

To this charge the defendant excepted, and assigns the same here for error.

FALKNER & MOLTON, for appellant.
WATTS & TROY, contra.

PECK, C. J.—We shall dispose of this case on the first defense made in the court below, without saying anything as to the merits of the second. In the first place, the judgment recovered by Mrs. Allsover was rendered by a court of the rebel State of Alabama, and, as we have held, it had only the force and effect of a foreign judgment, and constituted a cause of action merely, and no execution could be legally issued upon it after the rebellion was suppressed. Foreign judgments can only be enforced by the law of comity, and in actions brought for that purpose the merits and justice of such judgments may be examined into.—*Martin v. Hewitt*, 44 Ala, 418. The question, then, arises, does the evidence, if true, make out a good defense to the action, either as a payment sim-

ply, or as an accord and satisfaction, or as the compromise of a doubtful debt? We think it may well operate either way. It is not alleged that there were any false representations, deceit or fraud, on the part of the defendant. The plaintiff in the judgment was of full age, and acted with a knowledge of all the circumstances, and, as the evidence shows, the compromise was made by her attorneys, at her instance, and by her direction, and that the $880 paid, after deducting the attorneys' commissions, was received by her in full satisfaction of the judgment; and, further, that the sum paid exceeded the original amount of the judgment by more than one hundred dollars. There is no doubt, in this case, as to the intentions and expectations of the parties to this transaction. The plaintiff in the judgment intended to receive, and did receive, the $880 in full payment and satisfaction of the judgment, and the defendant expected to obtain, by said payment, a good and legal discharge from the same. Is there any good reason, either legally or morally, why these intentions and expectations should be defeated or disappointed? We are unable to see any.

The rule undoubtedly is, that "the payment of a part of a debt is, in general, no legal satisfaction of the remainder, although the creditor receive the smaller sum in full discharge of the whole demand, and give a receipt accordingly."—Chitty on Contracts, 747, and cases cited. This rule, however, to say the least of it, is a hard rule, and defeats the clearly expressed intentions of the parties, and, therefore, should not be extended to embrace cases not within the very letter of it. In the case of *Brooks et al. v. White* (2 Metcalf, 283), speaking of this rule, it is said : "This rule, which obviously may be urged in violation of good faith, is not to be extended beyond its precise import; and whenever the technical reason for its application does not exist, the rule itself is not to be applied." And in the case of *Johnson v. Brannan*, 5 I. R., the court speaks of it as "that rigid and rather unreasonable rule of the old law." Being a rigid rule, and the reasons for it not altogether satisfactory, it might be expected that cases

would arise that would constrain the courts, to prevent injustice and a violation of good faith, to treat as exceptions to it. This we find to be the case.

A composition by a debtor in failing circumstances, by which the creditors agree to accept a certain percentage of their debts, whether past due or running to maturity, in discharge of the whole, is a well settled exception to this rule.—*Milligan v. Brown*, 1 Rawle, 397. So, if a debtor give his note, indorsed by a third person as further security, for a part of the debt, which is accepted by the creditor in full satisfaction, it is a valid discharge of the whole of the original debt, and may be pleaded as an accord and satisfaction.—*Boyd v. Hitchcock*, 20 I. R., 76. So, again, the acceptance of a collateral thing, if of any legal value, in satisfaction of a pre-existing debt, is a good defense as an accord and satisfaction.— *Williams v. Stanton*, 1 Root, 426 ; *Blenn v. Chester*, 5 Day, 560 ; *Anderson v. Highland Turnpike Co.*, 10 I. R., 86. And, once. more, the payment and acceptance of the principal of a debt, without the interest due thereon, if received by the creditor in full satisfaction, is a good accord and satisfaction.—5 I. R., *supra*.

In the present case, the payment, as the evidence shows, exceeded the sum for which the judgment was rendered by more than a hundred dollars, and it was received in full satisfaction of the same ; therefore, it operated as a legal discharge of the whole judgment. Interest is, really, no part of the debt, but is a mere incident to the debt, given by statute, and is only recoverable as damages for its detention. If a party accepts the principal of his debt, he can not, afterwards, sue for the interest. This is especially so where the principal is received in satisfaction.— *Tillotson v. Preston*, 3 I. R. 229.

In addition to what is already said, we hold that the circumstances of this case presented good reasons to make the payment of the $880 a good defense to the action, as the compromise of a doubtful debt. The defendant was only surety for the original debt. The principal and the defendant's co-surety had become insolvent, and the defendant himself, by the disasters of the civil war, had been

brought to the very verge of insolvency, and at the time the payment was made had but little property left, except his real estate, and if that had been confiscated, as it was thought it might be, he would not have been able to pay his liabilities. These circumstances were sufficient to have induced a prudent creditor to compromise his debt, and, it seems to us, the compromise in this case was by no means unreasonable, and, being made in good faith, without any false representations, or any suppression of the truth on the part of the defendant, fair-dealing and common honesty require that he should be discharged from all further liability. As the charge of the court is inconsistent with this opinion, the judgment is reversed, and the cause is remanded for another trial. The appellee will pay the costs, &c.