# Louisville & N. R. R. Co. *v.* Elmore & Brame.

## *Assumpsit.*

(Decided June 4, 1914. 65 South. 695.)

1. *Interest; Right to.*—Interest attaches to a demand under an implied contract from the day the demand should have been paid, under section 4620, Code 1907; but interest being in the nature of an incident to the principal demand, payment and acceptance of the principal as such extinguishes the right to interest thereon.

2. *Same; Waiver.*—Where cotton was destroyed and the shipper accepted the amount of his claim without interest, after writing to the railroad company that they expected speedy payment, and if

the matter was delayed would expect interest for the delay, the unconditional acceptance of the principal constituted abandonment of any claim for interest.

APPEAL from Montgomery Circuit Court.

Heard before Hon. S. L. Brewer.

Action by Elmore & Brame doing business, etc., against the Louisville & Nashville Railroad Company to recover interest on a claim which had been paid. Judgment for plaintiff and defendant appeals. Reversed and rendered.

A brief statement of facts is as follows: On December 8, 1911, the plaintiffs were the owners of thirty bales of cotton which were entrusted to the Louisville & Nashville Rairoad Company for shipment and on said date the cotton was burned. Plaintiffs immediately made claim against the company through its proper authorities for the sum of $1,249.15, the value of said cotton and on April 15th, 1912, the railroad company delivered to plaintiff a voucher check for the sum therein named. This suit is brought to recover interest at the rate of 8 per cent. per annum upon such amount so claimed and paid from December 8, 1911 to April 15, 1912, the date of the delivery and acceptance of the voucher. The other facts sufficiently appear.

TYLER GOODWYN, for appellant. Interest in a case of this character is not recoverable as a separate and distinct right but only as an incident to and along with a recovery of the principal amount.—*Bennett v. Federal C. & C. Co.*, 40 L. R. A. (N. S.) 589. Under the facts here payment and acceptance of the principal sum is a bar to the recovery of interest.—*Stewart v. Barnes*, 153 U. S. 455; *Cutter v. Neweyville*, 92 N. Y. 166. A shipper cannot recover interest on a claim which has been paid him by the carrier for loss of goods.—*L. &*

*N. R. R. Co. v. Alford,* 63 S. E. 524; *Tillstone v. Preston,* 3 Johns, 239; *Hunnicutt Lumber Co. v. M. & O. R. R. Co.,* 2 Ala. App. 436.

TILLEY & ELMORE, for appellee. An account rendered to a debtor, who makes no objection thereto, raises a presumption of its correctness and it becomes stated thereby.—*Joseph v. Southwark Co.,* 99 Ala. 47; *Rice v. Schloss,* 90 Ala. 416; *Sloan v. Guice,* 77 Ala. 396; *Langdon v. Roane,* 6 Ala. 518. This was a "moneyed demand."—*King v. Parmer,* 34 Ala. 416; *Mills v. Long,* 58 Ala. 458; 5 Words & Phrases, p. 456. Therefore it carried interest.—Code 1907, section 4620. Such interest attached to the debt and became an integral part thereof.—*Hollingsworth v. Hammond,* 30 Ala. 668; *Key v. Jones,* 52 Ala. p 246; *Park v. Wiley,* 67 Ala. 310. The mere payment of a less sum than the amount due is not alone sufficient to discharge the entire debt, but only discharges it protanto.—*Holloway v. Talbot,* 70 Ala. 389; *Barron v. Vandvert,* 13 Ala. 232; *Pierson v. Thompson,* 15 Ala. 700; *University · v. Walden,* 15 Ala. 655. The partial payment made went first to the extinguishment of interest due, and then to the payment of principal.—Code 1907, section 4622.

PELHAM, J.—The original suit was brought on account and account stated by the appellees in the inferior court of Montgomery county, to recover of the appellant the interest alleged to be due on a claim for $1,249.15 that had been paid to the former by the latter for cotton burned while in possession of appellant as a common carrier. The case was carried by appeal from the inferior court to the circuit court, where it was tried by the judge without the intervention of a jury, and resulted in a finding and judgment for the

plaintiffs (appellees) for $34, being the amount of interest from December 8, 1911, the date the cotton was burned, to April 15, 1912, the date of the payment of the claim ($1,249.15) by voucher. The case was tried before the judge in the circuit court on an agreed statement of facts, showing, among other things, that the cotton was burned on December 8, 1911; that the appellees made claim for the value of the destroyed cotton, amounting to $1,249.15, on December 12, 1911; and that they received payment by voucher for exactly this amount on April 15, 1912, collected the voucher, and made no objection to receiving it on account of the failure to include interest until April 29, 1912, when appellees filed a claim with the railroad company for the interest on the original claim that is made the basis of this suit.

Interest is given by statute (Code, § 4620), and attaches to the demand created under the terms of an implied, as well as an express, contract from the day the demand should have been paid. The interest in a case like this is thus made an incident to the principal demand in the nature of additional damages, and, being recoverable, not because provided for by contract between the parties, but only as damages in an action for the principal, what was said by this court in the case of *Hunnicutt Lumber Co. v. M. & O. R. R. Co.*, 2 Ala. App. 436, 439, 57 South. 73, 74, is applicable:

"When interest is not stipulated for by the contract between the parties, and is recoverable merely as, or in lieu of, damages in the event of default in the payment of a liquidated demand when due, being in such case, not the basis of a separate right of action, but merely an incident to the recovery of the principal debt, the payment and acceptance of the principal as such extinguishes the right to recover interest thereon, in

the absence of any agreement or understanding that the right to claim interest is reserved—citing *Westcott v. Waller, Guar.,* 47 Ala. 492; *Stewart v. Barnes,* 153 U. S. 456, 14 Sup. Ct. 849, 38 L. Ed. 781; *Fuller v. Kemp,* 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; 22 Cyc. 1572."

See, also, *Bennett v. Federal Coal & Coke Co.,* 70 W. Va. 456, 74 S. E. 418, 40 L. R. A. (N. S.) 588, and note, Ann. Cas. 1913E, 578; *L. & N. R. R. Co. v. Alford & Co.,* 5 Ga. App. 428, 63 S. E. 524, cited by appellant.

In this case, there can be no inference drawn from the facts before the court other than that there was a payment and an acceptance of the principal as such without reservation or agreement between the parties that the acceptance of the principal sum should not affect the acceptors' right to recover interest subsequently. It is true the agreed statement of facts contains the copy of a letter from appellees dated March 5, 1912, to the appellant's freight claim agent at Louisville, Ky., in which they request a speedy payment of the claim, and state:

"If the matter is further delayed we shall expect you to reimburse us the interest for the time."

But the unconditional acceptance of the principal sum as such on April 15, 1912, without reservation or protest *following* the writing of this hurry-up letter on March 5, 1912, containing the indefinite condition upon which an expectation of the "reimbursement" of interest was founded, would only tend to confirm or strengthen the impression conveyed or inference to be gathered from such an act without this added circumstance having a tendency to show an abandonment of any claim for interest.

On the agreed statement of facts before the court the appellant was entitled to a judgment, and the finding

and judgment of the lower court will be reversed, and a judgment here entered for the appellant, the defendant below.

Reversed and rendered.