(97 South. 636)

## ÆTNA LIFE INS. CO. v. WADE.
### (6 Div. 951.)

(Supreme Court of Alabama. Oct. 11, 1923.)

**1. Insurance ⬳598—Interest demandable from time policy becomes due and payable by its terms.**

Under Code 1907, § 4620, interest on the principal due on an insurance policy is demandable from the time the policy becomes due and payable under its terms.

**2. Insurance ⬳598—Filing of bill of interpleader by insurance company to prevent running of interest held waived; "waiver."**

A letter from insured's administrator in Alabama to insurer, expressing the hope that the latter would hold in abeyance the matter of payment pending a suggested agreement with administrators appointed in other states as to party to whom payment might be made, *held* a "waiver" of the right to demand that insurer file a bill of interpleader under Act Cong. Feb. 22, 1917 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 991a) to escape liability for interest (citing Words and Phrases, Second Series, "Waiver").

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Sallie L. Wade, as administratrix of the estate of Emory M. Nowell, deceased, against the Ætna Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Stokely, Scrivner & Dominick and Andrew J. Thomas, all of Birmingham, for appellant.

Where a life insurance company bona fide refuses or fails to pay proceeds of a policy upon the life of deceased to any one of several antagonistic administrators, pending a settlement determining which one is entitled to the proceeds, and has on deposit, without drawing interest, the amount of the policy, no interest on the face value of the policy should be charged against such company. Hills v. Ætna Ins. Co., 47 Ins. Law J., 495; York v. Flaherty, 210 Mass. 35, 96 N. E. 53; Norris v. Mass. Ins. Co., 131 Mass. 294, 296. A person who does some positive act which, according to its natural import, is so inconsistent with the enforcement of a right in his favor as to induce a reasonable belief that such right has been dispensed with, will be deemed to have waived it. 29 Am. and Eng. Cyc. of Law (2d Ed.) 1103; 4 Words and Phrases, Second Series, 1223; Charlotte Harbor Ry. Co. v. Burwell, 56 Fla. 217, 48 South. 213; Pokegama Lbr. Co. v. Klamath Lbr. Co. (C. C.) 96 Fed. 34, 54; Caulfield v. Finnegan, 114 Ala. 39, 21 South. 484; Turner v. Fidelity & Casualty Co., 112 Mich. 425, 70 N. W. 898, 38 L. R. A. 529, 67 Am. St. Ry. 428; Dolsen v. Phœnix Ins. Co., 151 Mich. 228, 115 N. W. 50; Martin v. State Ins. Co., 44 N. J. Law, 485, 43 Am. Rep. 397; Derrick

v. Lamar Ins. Co., 74 Ill. 404; Allemania Fire Ins. Co. v. Peck, 133 Ill. 220, 24 N. E. 538, 23 Am. St. Rep. 610; Stanley v. Sterling Mut. Co., 12 Ga. App. 475, 77 S. E. 664; Peters v. Empire Life Ins. Co. (Sup.) 90 N. Y. Supp. 296.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

Where an insurance company fails to pay the proceeds of a life insurance policy, which is claimed by several antagonistic administrators, into court, by filing a bill of interpleader under the federal Act of February 28, 1907, 39 Stat. at Large 1920, but elects to hold the money until an agreement is reached, it will be liable for interest to the successful claimant. Sibley v. Equitable Life Assur. Co., 3 N. Y. Supp. 8; Davis v. Nat. Life Ins. Co., 188 Mass. 299, 74 N. E. 330. Mere readiness to pay a debt will not excuse the debtor from payment of interest thereon. Hummel v. Brown, 24 Pa. 310. In the absence of conduct creating an estoppel, a waiver should be supported by an agreement founded on a valuable consideration. Crandall v. Moston, 24 App. Div. 547, 50 N. Y. Supp. 145; San Bernardino Investment Co. v. Merrill, 108 Cal. 490, 41 Pac. 487; Emerson v. Slater, 22 How. 28, 16 L. Ed. 360. One relying on an estoppel must have exercised such reasonable diligence as the circumstances of the case require, and must not conduct himself with careless indifference to means of information readily at hand. Nashville Bank v. National R. R. Co., 128 Tenn. 530, 161 S. W. 1144; Frankfort Land Co. v. Hughett, 137 Tenn. 32, 191 S. W. 530; Moore v. Bowman, 47 N. H. 494.

GARDNER, J. This suit was by appellee, as administratrix of the estate of Emory M. Nowell, deceased, against the appellant on a policy of insurance issued upon the life of said Nowell. The cause was tried upon an agreed statement of facts, resulting in a judgment for the plaintiff, from which the defendant has prosecuted this appeal. The principal due upon the policy has been paid, and this litigation is over the question of interest only. The policy was issued in July, 1919, and the insured died January 27, 1920. On January 31, 1920, an administrator of the estate of said insured was duly appointed by the probate court of Hamilton county, Ohio, and on the same day the plaintiff in this cause was appointed special administrator of the estate of said Nowell by the probate court of Jefferson county, Ala., and on February 10th following administrators of said estate were appointed by the county court of Fayette county, Ky.

The agreed statement of facts discloses that these administrators were antagonistic one to the other. On February 22, 1920,

the Kentucky administrators made due proof of death in all respects as required by the provisions of the policy, but made no offer to surrender the same, the policy being in their possession. Thereupon correspondence ensued between the insurance company and these various administrators or their counsel, and it very clearly appears the insurance company was willing and able to pay this policy, and had on deposit with banks and trust companies, without interest, a sufficient sum for the payment thereof. On March 13, 1920, the company wrote counsel for plaintiff, in answer to their letter stating the true situation as to these various administrations, and that the policy was in possession of the administrators in the state of Kentucky, suggesting that an arrangement or agreement be reached between the administrators as to the payment of this fund to some bank or trust company or responsible individual so that the funds might be held in accordance with some arrangement among themselves until an agreement had been reached as to the disposition of the same. Some few days later they again wrote plaintiff's counsel calling attention to the former letter, stating they hoped to receive a favorable reply to their suggestion. A like suggestion was also made to the administrators of the estate in Kentucky. Plaintiff's counsel on April 6th replied they had been in correspondence with the administrators in other jurisdictions in an effort to effect some agreement by which the proceeds of the policy could be paid to one or the other of the several administrators with the consent of all concerned, and that these negotiations had not been completed, concluding the letter with the expression: "We trust that you will hold it in abeyance for a brief period longer." The correspondence discloses that these negotiations resulted favorably, and that an agreement was reached whereby the administratrix in this state was to be paid the proceeds of this policy. The policy was delivered by the Kentucky administrators to the plaintiff, the necessary papers forwarded, and the company tendered the principal sum due thereon. Counsel for plaintiff conceived it to be their duty to decline this payment, as they were of the opinion that interest should be paid from the date of the proof of death; hence this suit.

[1] The question of interest so far as bears upon the instant case is regulated by section 4620 of the Code of 1907. In Vincent v. Gilmer, 51 Ala. 387, the court said:

"The statutes of this state substitute interest for damages allowed at common law for the detention of the debt. * * * It is intended as just compensation for withholding the principal, and accrues only from the time the principal is due and payable."

The law existing at the time of the issuance of this policy entered into and became a part of the contract, and under the provisions of the foregoing statute we think interest was demandable from the time the policy was due and payable by virtue of the contract entered into.

[2] The federal act of February 22, 1917 (39 Stat. 929 [U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 991a]), makes express provision for a bill of interpleader by an insurance company in a case as here presented; and it is insisted by counsel for plaintiff that for the defendant company to relieve itself of interest under the circumstances here appearing it should have availed itself of the privilege of the foregoing statute by filing a bill of interpleader and depositing the money into court, and that, not having pursued this course, it is liable for interest until the policy was satisfied in full. The defendant concedes that it could have pursued this course, but insists that under the negotiations had between plaintiff's counsel it was not necessary to do so in order to relieve itself from liability for interest, upon the theory that the plaintiff had waived any right which she might have had to insist that defendant so proceed in order to escape interest liability.

The parties to this litigation will be presumed to have known the law, and therefore to have been familiar with the above-cited statute permitting the filing of a bill of interpleader by the insurance company, and by so doing and depositing the money into court it would be relieved of all liability for interest.

The agreed statement of facts in connection with the correspondence had between the parties makes it clear that the company was anxious to settle the liability on this policy, and to avoid any litigation in reference thereto. The conflicting claims of the various administrators in the several states rendered it hazardous to make settlement, and, as a consequence, in view of the situation with which the company was then confronted, suggestion was made that the administrators confer with one another and an agreement be reached whereby the sum due might be paid. In answer to this suggestion plaintiff's counsel informed the company that negotiations were in progress, and expressed the hope that the company would hold the matter in abeyance for a brief period longer. Had the company, in lieu of making this suggestion in an effort to secure a friendly settlement, exercised its right to file a bill of interpleader, it would have resulted in no advantage to the estate of the insured, but rather to its detriment.

We are of the opinion that the language contained in the letter that the matter be held in abeyance is properly to be construed in the light of all the circumstances as a waiver on the plaintiff's part to demand that such a bill be filed. The amount of the face

of this policy was $25,000, and it is readily seen that the legal rate of interest upon such sum is a matter of some consequence. In view of the correspondence and of the language above noted, we are persuaded that a reasonably prudent person in the business world would have assumed that no necessity existed for the expense of an interpleader suit, and that such had been waived so far as the plaintiff was concerned. We are of the opinion that the essential elements of waiver sufficiently appear. 40 Cyc. 258; 29 Am. & Eng. Ency. of Law (2d Ed.) 1103; 4 Words and Phrases, Second Series, p. 1223; Caufield v. Finnegan, 114 Ala. 39, 21 South. 484; 27 R. C. L. 907; Butler v. Gazzam, 81 Ala. 491, 1 South. 16.

The following cases cited by counsel for appellant concerning the question of waiver as to certain provisions of insurance policies bear some analogy to the question here in hand, and tend largely to support the conclusion we have here reached. Turner v. Fidelity & Cas. Co., 112 Mich. 425, 70 N. W. 898, 38 L. R. A. 529, 67 Am. St. Rep. 428; Dolsen v. Phœnix, etc., Accident Co., 151 Mich. 228, 115 N. W. 50; Martin v. State Ins. Co., 44 N. J. Law, 485, 43 Am. Rep. 397; Derrick v. Lamar Ins. Co., 74 Ill. 404; Stanley v. Sterling, 12 Ga. App. 475, 77 S. E. 664; Peters v. Empire Life Ins. Co. (Sup.) 90 N. Y. Supp. 296.

We have therefore reached the conclusion that under the agreed statement of facts the defendant company should not be held liable for the interest, and that the court below erred in reaching a contrary conclusion.

Let the judgment be reversed, and one here rendered for the defendant.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.