368 So.2d 254 (1979)
Joyce T. THOMAS
v.
LIBERTY NATIONAL LIFE INSURANCE COMPANY, a Corp.
77-560.
Supreme Court of Alabama.
January 26, 1979.
Rehearing Denied March 9, 1979.
*255 William H. Mills, of Rogers, Howard, Redden & Mills, Birmingham, for appellant.
Ralph B. Tate, William N. Ray, John S. P. Samford, Birmingham, for appellee.
JONES, Justice.
Appellant, Ms. Joyce Thomas, was the named beneficiary of four industrial life insurance policies issued by Appellee, Liberty National Life Insurance Company. Ms.
*256 Thomas filed suit in the Circuit Court of Jefferson County to recover interest on the face amount of the policies accruing between the dates when proof of loss was submitted and when the face amount of the policies was paid. The complaint alleged that Liberty National has paid Ms. Thomas the face amount of the policies, but no interest, and that Liberty National had a consistent practice of not paying interest on the benefits due on industrial life insurance policies.
The complaint sought certification as a class action on behalf of all beneficiaries similarly situated. The complaint was amended to add an allegation that the aggregate claim of the class exceeds the sum of $500. Ms. Thomas' individual claim is less than $80.00.
Liberty National filed a motion for summary judgment. The trial Court concluded the Defendant's motion was due to be granted for either of two reasons:
(1) The circuit court lacked subject matter jurisdiction in that the matter in controversy did not exceed $500 because the Plaintiff's individual claim did not exceed that sum and the individual claims of the class members may not be aggregated to reach the jurisdictional amount.
(2) A beneficiary of a life insurance policy, as a matter of law, may not recover interest on the face amount of the policy from the time proof of loss is filed until the time the claim is actually paid, if the payment of the principal has been made by the insurer and accepted by the beneficiary.
We reverse and remand.

I.
The first issue in this case is whether the circuit court has jurisdiction in a class action where the individual claims of the members of the Plaintiff class are for less than $500, but where the aggregate sum claimed exceeds that amount (damages in the amount of $1,000,000 are sought for the potential class as a whole). We hold that the circuit court has jurisdiction in a class action so long as the aggregate "amount in controversy" exceeds $500.
Initially, we recognize the holding of Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), construing F.R. Civ.P. 23. In Snyder the Supreme Court of the United States held that aggregation of claims was not to be allowed in order to meet the $10,000 minimum amount for invoking Federal diversity jurisdiction. It is true, as a general rule, that we look at the construction placed on the Federal Rules of Civil Procedure by the Federal courts in order to interpret the present Alabama Rules of Civil Procedure, because our rules are based on, and in a large part an adaptation of, the Federal rules. See, Committee Comments, ARCP 1. We note, however, the holding in Snyder is not applicable to the jurisdiction of State courts no matter how well it fits into the Federal scheme of things. Judson School v. Wick, 108 Ariz. 176, 494 P.2d 698 (1972). Indeed, the Snyder Court reasons:
"Suits involving issues of state law and brought on the basis of diversity of citizenship can often be most appropriately tried in state courts."
Our instant holding, then, in providing an appropriate forum for the trial of these state law issues, is totally consistent with the rationale of Snyder.
The underlying premise for the Snyder decision is that the Federal District Court is a court of limited jurisdiction. See 28 U.S.C., § 1331, et seq. Its jurisdiction is especially limited in diversity cases. See, 28 U.S.C., § 1332. To the contrary, our circuit courts are courts of general jurisdiction. The Constitution of Alabama of 1901, amend. 328, § 6.04, provides:
The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law.
On the other hand, § 6.05 provides for the establishment of the district court system, stating:
"The district court shall be a court of limited jurisdiction . . .."
While the circuit court system has been long established as the court of general *257 jurisdiction in our State, the legislation implementing the district court system, § 12-12-1, et seq., Ala.Code 1975, states that the District Court of Alabama is a trial court of limited jurisdiction, established and effective January 16, 1977. There is no question that prior to the creation of the district court system in this State the circuit court would have had jurisdiction over the present class action.
It has been held that every doubt is resolved in favor of retention rather than divestiture of jurisdiction. Furthermore, there is a presumption against divestiture of jurisdiction from a court to a lower court. Paley v. Coca-Cola Co., 389 Mich. 583, 209 N.W.2d 232 (1973); see also, 21 C.J.S. Courts § 92. Gould v. Hayes, 19 Ala. 438 (1851), held that the original jurisdiction of the Court of Chancery is not affected by the statutory jurisdiction conferred upon the orphan's court, except where prohibitory or restrictive words are used in denying to the Court of Chancery the exercise or continuance of its jurisdiction. Stated alternatively, the holding in this case is that there is a presumption against divestiture of jurisdiction.
We find that, where the various statutes governing the jurisdiction of the district court and the circuit court are read together, there is no clear and unequivocal showing of an intent by the legislature to divest the circuit court of subject matter jurisdiction in class actions. This is true whether or not any individual plaintiff can recover the minimum $500 jurisdictional amount, so long as the aggregate claim of the plaintiff class is in excess of $500. The district court system was not established, nor is it equipped, to handle the complexities of a class action. Our present Unified Court System was established in order to expedite the business of the judiciary and to afford speedy, just and inexpensive relief to parties involved in a lawsuit. The District Court Committee Comments, ARCP 23, specifically provide:
The complexities of class actions and the jurisdictional limitations of the district court make it necessary to withhold applicability of Rule 23 [to the district court]. Of course the circuit courts do not have jurisdiction for claims of less than $500.00 and the only sensible solution to this jurisdictional problem would be to permit the aggregation of claims in the circuit court to exceed the $500.00 limitation.
While the Committee Comments are not binding, we find them highly persuasive in this instance. There is no plain and adequate remedy for numerous small claims involving similar questions of law and fact in the district court. Thus, we cannot impute an intent on the part of our legislature to deprive litigants, such as the potential class involved in this case, of a common forum to seek relief for their common complaint, which, though small individually, is quite large in the aggregate.
We think that the spirit of both our present rules of procedure allowing class actions, and the statutory provisions setting forth the jurisdiction of the courts in this State, mandate that aggregation be allowed in order to meet the jurisdictional amount of the circuit court. Our decision today is not in conflict with ARCP 82 in that we have in no way enlarged the jurisdiction of the circuit court by construction of a rule of procedure, but have only interpreted the jurisdictional statute in this State to allow aggregation of claims in class actions for jurisdictional amount purposes.

II.
Having determined that the Circuit Court has jurisdiction over this action, we turn to the second issue involved in this case: Whether a beneficiary of a life insurance policy, after acceptance of the principal amount, can recover interest on the face amount of the policy from the time proof of death is accepted until the time the claim is paid. We hold that Appellant's claim to recover interest in this case is not barred as a matter of law.
Section 8-8-8, Ala.Code 1975, provides:
All contracts, express or implied, for the payment of money, or other thing, or *258 for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.
It is well settled that, under this section, interest on the principal due on an insurance policy is properly payable from the date that proof of death was accepted by the insurer. North Carolina Mutual Life Insurance Co. v. Terrell, 227 Ala. 410, 150 So. 318 (1933). See also State Farm Mutual Automobile Insurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974) (interest payable covering period between filing of proof of loss and date of judgment against insurer).
Appellee does not dispute that interest is generally owed from the time proof of death is submitted. Appellee argues, however, that, where interest is provided for otherwise than under contract, it does not constitute a distinct claim recoverable after the acceptance of the principal.
This Court has a long history of cases holding that, where a statute governs the rights, obligations, and duties of an insurer or insured, that statute is read into and becomes a part of the insurance contract. See, e. g., Ginsberg v. Union Central Life Insurance Co., 240 Ala. 299, 198 So. 855 (1940) (§ 27-15-18, Ala.Code 1975, Incontestability Clause); State Farm Mutual Automobile Insurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974) (§ 32-7-23, Ala.Code 1975, Uninsured Motorist Statute); General Mutual Insurance Co. v. Ginn, 283 Ala. 470, 218 So.2d 680 (1969) (§ 27-14-7, Ala.Code 1975, Effect of Misrepresentation in Policy Application).
In Aetna Life Insurance Co. v. Wade, 210 Ala. 170, 97 So. 636 (1923), in construing § 8-8-8, Ala.Code 1975 (then § 4620, Alabama Code of 1907), this Court stated:
"The law existing at the time of the issuance of this policy entered into and became a part of the contract, and under the provisions of the foregoing statute we think interest was demandable from the time the policy was due and payable by virtue of the contract entered into." (Emphasis added.)
It is apparent that § 8-8-8, Ala. Code 1975, became a part of the insurance contract and, therefore, became a contractual right. The law is settled that if interest is provided for by contract, a separate action for interest may be maintained even after acceptance of the principal amount. Semmes Nursery, Inc. v. McDade, 288 Ala. 523, 263 So.2d 127 (1972); Alabama City, G. & A. Ry. Co. v. City of Gadsden, 185 Ala. 263, 64 So. 91 (1913).
Admittedly, this State has a long line of cases distinguishing statutory interest from contractual interest. Westcott v. Waller, 47 Ala. 492 (1872); Hunnicutt Lumber Co. v. Mobile & Ohio Railroad Co., 2 Ala.App. 436, 57 So. 73 (1911); Louisville & Nashville and N. R. R. Co. v. Elmore and Brame, 10 Ala.App. 627, 65 So. 695 (1914). These cases are in line with the general rule regarding the collectability of interest. At 47 C.J.S., Interest, § 71, it is stated:
"Where interest is provided for by contract and is due and payable, it constitutes a specific claim for which an independent action may be brought . . . On the other hand, where interest is recoverable otherwise than under contract, it does not constitute a distinct claim and can only be recovered with the principal by action."
We have carefully considered these cases and disagree with the reasoning that allows the collection of interest after the acceptance of principal when the right to interest is expressed in the contract, but not when the right to interest is mandated by statute. We have searched in vain and find no basis for the distinction, especially in the light of our cases which would read the statute into the contract, making it a part of the agreement.
We note Liberty National does not contend that the principle of accord and satisfaction is here applicable; and we agree that this principle cannot be invoked to bar recovery. Indeed, the principle of accord and satisfaction would be a more *259 viable defense if the action sought to establish the right to contractual interest after the acceptance of the principal amount both parties being equally aware of their rights. See, 1 Am.Jur.2d, Accord and Satisfaction, § 1, at 301.
If we were to rule that interest could not be collected under the circumstances as alleged by Appellant in this case, we would effectively allow insurers to escape from a statutorily imposed obligation, without any remedy for Appellant, short of returning the check for the payment of the principal amount and filing a suit seeking to regain this principal along with the small amount of interest owed for the short period from the filing of proof of loss until the tender of the face amount of the policy. It is unreasonable to expect a beneficiary or an insured to take such costly and time-consuming measures, that is, to forego immediate acceptance of the principal amount in order to pursue at his own expense his remedy for the relatively small additional amount of interest.
Accordingly, the trial Court erred in granting summary judgment.
REVERSED AND REMANDED.
FAULKNER and BEATTY, JJ., concur.
MADDOX and ALMON, JJ., concur as to Part I and dissent as to Part II.
EMBRY, J., dissents as to Part I and concurs as to Part II.
TORBERT, C. J., and SHORES, J., recuse.
BLOODWORTH, J., not sitting.
MADDOX, Justice (concurring in part; dissenting, in part).
I concur that the claims could be aggregated, but I am constrained to follow what the majority concedes is the majority rule that "where interest is recoverable otherwise than under contract, it does not constitute a distinct claim and can only be recovered with the principal by action." I think that is the intent of § 8-8-8, Code of Ala. 1975, and that this statutory provision was not written into the contract, as the majority holds.
ALMON, J., concurs.
EMBRY, Justice (concurring in part and dissenting in part):
I concur with the majority opinion where it holds that a beneficiary of a life insurance policy can recover interest on the face amount of the policy from the time proof of death is accepted until the time the claim is paid.
I respectfully dissent from that portion of the majority opinion holding the circuit court has jurisdiction over a class action in which each of the individual claims of the members of the class is for a sum less than $500, but in the aggregate exceeds that amount. In Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the United States Supreme Court refused to allow aggregation of claims to meet the federal jurisdictional amount set by Congress. Justice Black, writing for the majority, held that to allow aggregation of claims would defeat the congressional purpose of setting a jurisdictional amount requirement. He also said that it would run counter to Rule 82, F.R.C.P. which provided that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts . . .."
There is no valid distinction between this case and our own. Our Rule 82(a), A.R.C.P. provides "These rules shall not be construed to extend or limit the jurisdiction of the courts of Alabama." The legislature, pursuant to § 6.04 of Amendment No. 328 to the Constitution of 1901, has seen fit to limit the general jurisdiction of the circuit courts in civil cases to those in which the matter in controversy exceeds $500. § 12-11-30(1), Code 1975. Clearly, to allow an aggregation of claims to meet this amount would extend the jurisdiction of the circuit court beyond that intended by the legislature.
I dissent from the majority opinion which allows aggregation and permits the circuit court to entertain the aggregated claims as *260 a class action. I would leave the individual claims to be pursued in the Small Claims Court. Therefore, I would affirm the judgment below regarding aggregation.