392 So.2d 822 (1981)
Mary JONES a/k/a Mary J. Drain
v.
SOUTHERN UNITED LIFE INSURANCE COMPANY, a corporation.
79-259.
Supreme Court of Alabama.
January 9, 1981.
Mayer W. Perloff, Mobile, for appellant.
Abram L. Phillips and Patricia K. Olney of Reams, Tappan, Wood, Vollmer, Phillips & Killion, Mobile, for appellee.
FAULKNER, Justice.
Mary Jones was the named beneficiary on an industrial burial insurance policy issued by Southern United Life Insurance Company to Willie J. Drain. The policy provided for a cash benefit of $275.00 payable upon receipt of proof of death. Willie Drain died on April 25, 1979. A death certificate was issued by the Mobile County Health Department *823 on May 17 and received by defendant's office on May 23. On June 26, defendant insurance company paid the $275.00 benefit to Ms. Jones.
Jones filed suit on July 11, seeking interest due from the date of proof of loss to the date of actual payment and certification as a class action. Various motions were then filed by both parties, including a Rule 12(b)(6) motion to dismiss by the defendant. On September 28, after reviewing Jones's contentions, and determining that the interest sought by plaintiff was in fact due her under Thomas v. Liberty National Life Ins. Co., 368 So.2d 254 (Ala.1979), Southern tendered payment of interest from the date of death to the date of payment of the benefit. And, on the same day, Southern filed a motion for summary judgment supported by affidavit of its Mobile District Manager and exhibit (death certificate). Subsequently, if filed a motion to deny class status. On November 26, after hearing arguments and reviewing briefs, the trial court granted Southern's motion for summary judgment on Jones's individual claim and dismissed the remaining portions of the action. We reverse and remand.
The issue before this Court is whether Mary Jones, whose claim is rendered moot through satisfaction, prior to certifying the class, may be permitted to have the class certified, and proceed to represent that class, even though she no longer has a real interest in the right to be protected.
First, Southern cannot bypass the class action by tendering payment of interest on the claim to Mary Jones, the class representative. Mr. Chief Justice Burger in Deposit Guaranty National Bank, Jackson, Mississippi v. Roper, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), wrote:
Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. It would be in the interests of a class-action defendant to forestall any appeal of denial of class certification if that could be accomplished by tendering the individual damages claimed by the named plaintiffs.
And, in Roper v. Consume, Inc., 578 F.2d 1106 (5th Cir. 1978), the Court stated: "By the very act of filing a class action, the class representatives assume responsibilities to members of the class. They may not terminate their duties by taking satisfaction; a cease-fire may not be pressed upon them by paying their claims. The Court itself has special responsibilities to ensure that the dismissal does not prejudice putative members."
Thus, the tender of payment to Mary Jones did not prevent class certification. See Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir. 1970).
Next, Southern contends that Mary Jones lacks "nexus" with the alleged class because her individual claim has been paid; that she no longer has a personal cause of action, and thus, she cannot represent the class. We do not agree. Notwithstanding the mootness of the suit as to Mary Jones, it is not moot as to other members of the class, and she can continue to litigate the issues as a representative of the class. See Jenkins v. United Gas Corporation, 400 F.2d 28 (5th Cir. 1968), Cypress v. Newport News Gen. and Nonsect. Hospital Ass'n, 375 F.2d 648 (4th Cir. 1967), Gatling v. Butler, 52 F.R.D. 389 (D.Conn.1971). Mary Jones was a proper representative of the class when the suit was filed, and she was not ousted as a representative of the class when her individual claim was mooted by payment of her claim and tender of the amount of interest due her by Southern. See Roper.
The trial court is reversed, and the cause remanded so that the trial judge can enter the appropriate orders after a class action hearing on (1) whether to permit Mary Jones to proceed as the class representative, and (2) whether to certify the class.
REVERSED AND REMANDED.
*824 JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., concurs specially.
TORBERT, C. J., dissents.
MADDOX, Justice (concurring specially).
I concur that the judgment of the trial court is due to be reversed. Pre-certification dismissal of a class action is rarely appropriate. In the interim between the commencement of a class action and the court's determination, which Rule 23(c)(1) requires to be made "as soon as practicable," a suit should be treated as a class suit. Comment, Developments in the LawClass Actions, 89 Harv.Law Rev. 1318, 1421, 1540 (1976).
The plaintiff here had a legitimate claim under Thomas v. Liberty National Life Insurance Company, 368 So.2d 254 (Ala.1979).[1] Satisfaction of the class representative's claim, therefore, would not authorize dismissal, even at the pre-certification stage. The Court is correct in remanding this cause to the trial court for a certification hearing. At the certification hearing, the court can determine the size of the class, the management problems which class treatment would produce, and whether the class suit would truly carry out the spirit of Rule 1, ARCP"to secure the just, speedy and inexpensive determination of every action."
The class action, a creature of equity, developed primarily to provide a procedural device to handle claims where the parties were multitudinous and joinder was impracticable. Naturally, a class action, if allowed, could prevent a multiplicity of suits.
I do not reach the question urged upon us by the appellee that this particular suit was inappropriate for class treatment. Class suits to enforce private contractual rights of the nature here involved could present some problems. Professors Travers and Landers, in their law review article entitled "The Consumer Class Action," 18 U. of Kan.Law Rev. 811, 835, state: "The large group with small individual damages creates management problems of severe proportions and also raises the spectre of litigation designed to benefit lawyers alone or to punish the defendanta purpose more easily carried out by means other than class actions."
TORBERT, Chief Justice (dissenting).
Where the individual claim of the representative plaintiff in a class action has been mooted, the general rule is that the individual plaintiff no longer has standing and the case is subject to dismissal. "They cannot represent a class of whom they are not a part." Bailey v. Patterson, 369 U.S. 31, 32-33, 82 S.Ct. 549, 550-51, 7 L.Ed.2d 512 (1962). Also see, Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).
The federal courts have developed certain well defined exceptions to this rule: issues involving important constitutional rights, Franks v. Bowman Transportation Co., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), the mooting of claims due to the mere passage of time, Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), and where the subject matter of the class action is capable of repetition but evades judicial review, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).
In rapidly mooting cases, such as those dealing with residency requirements for divorce (Sosna), pretrial detention (Gerstein), or abortion (Roe), there is a continuing controversy between the members of the class and their opponent, and the court is not deprived of jurisdiction. Title VII *825 discrimination suits also represent examples of these exceptions. See, e. g., Franks v. Bowman Transportation Co., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); Long v. Sapp, 502 F.2d 34 (5th Cir. 1974); Reed v. Arlington Hotel Co., 476 F.2d 721 (8th Cir. 1972), cert. denied, 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 103 (1973). The U.S. Court of Appeals for the Fifth Circuit has been most liberal in standing requirements involving racial discrimination. See, e. g., Huff v. N. D. Cass Co., 485 F.2d 710 (5th Cir. 1973). See generally 3B J. Moore, Federal Practice¶ 23.04[2] (2d ed. 1980).
Given the general proposition that where the single individual claim of the representative plaintiff has been mooted (in this case before class action certification determination), the action is subject to dismissal, I fail to find facts and circumstances that come within the exceptions heretofore mentioned. Only four months before plaintiff here filed her suit, this Court decided the issue as to the obligation of the insurer to pay interest after the insured accepted the principal amount due under an insurance contract. Thomas v. Liberty National Life Insurance Co., 368 So.2d 254 (Ala.1979). Within approximately three months from the filing of plaintiff's action, the defendant determined and paid plaintiff the full amount of interest due from the date of death to the date of the payment of the principal benefit. Here, suit was filed July 11, 1979, and the full interest payment was made September 28, 1979. Additionally, defendant insurance company represented through counsel on this appeal that it effected a change in its policy and procedure to comply with the decision in Thomas. This case does not fall within the recognized exceptions; important constitutional rights are not in issue, mootness did not occur due to the mere passage of time, Title VII discrimination is not involved, and the issue is not now one capable of repetition yet evading judicial review.
Furthermore, I believe the majority's reliance on Deposit Guaranty National Bank, Jackson, Mississippi v. Roper, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), is misplaced. Writing for the majority, Mr. Chief Justice Burger stated:
The factual context in which this question arises is important. At no time did the named plaintiffs accept the tender in settlement of the case; instead, judgment was entered in their favor by the court without their consent, and the case was dismissed over their continued objections.
100 S.Ct. at 1170-71.
Mr. Justice Rehnquist, in his concurring opinion, stated that "[t]he distinguishing feature in Roper is that the defendant has made an unaccepted offer of tender in settlement of the individual putative representative's claim." 100 S.Ct. at 1175 (Rehnquist, J., concurring). Roper is clearly not on point with the case before us in this respect, since here Mary Jones accepted the offer of settlement, yet still sought to represent the putative class. I do not believe such a result is mandated by ARCP 23. Therefore, I hereby respectfully dissent.
NOTES
[1] I dissented in Thomas v. Liberty National Life Insurance Company, 368 So.2d 254 (Ala.1979), on the ground that I did not believe that interest was recoverable on an insurance policy between the date when the proof of loss was submitted and the date when the claim was paid, but Thomas is now the law, and the defendant company here recognizes Thomas as being the current authoritative rule of law on the payment of interest on policies of insurance.