I concur that the judgment of the trial court is due to be reversed. Pre-certification dismissal of a class action is rarely appropriate. In the interim between the commencement of a class action and the court's determination, which Rule 23 (c)(1) requires to be made "as soon as practicable," a suit should be treated as a class suit. Comment, Developments in theLaw — Class Actions, 89 Harv.Law Rev. 1318, 1421, 1540 (1976).
The plaintiff here had a legitimate claim under Thomas v.Liberty National Life Insurance Company, 368 So.2d 254 (Ala. 1979).[1] Satisfaction of the class representative's claim, therefore, would not authorize dismissal, even at the pre-certification stage. The Court is correct in remanding this cause to the trial court for a certification hearing. At the certification hearing, the court can determine the size of the class, the management problems which class treatment would produce, and whether the class suit would truly carry out the spirit of Rule 1, ARCP — "to secure the just, speedy and inexpensive determination of every action."
The class action, a creature of equity, developed primarily to provide a procedural device to handle claims where the parties were multitudinous and joinder was impracticable. Naturally, a class action, if allowed, could prevent a multiplicity of suits.
I do not reach the question urged upon us by the appellee that this particular suit was inappropriate for class treatment. Class suits to enforce private contractual rights of the nature here involved could present some problems. Professors Travers and Landers, in their law review article entitled "The Consumer Class Action," 18 U. of Kan.Law Rev. 811, 835, state: "The large group with small individual damages creates management problems of severe proportions and also raises the spectre of litigation designed to benefit lawyers alone or to punish the defendant — a purpose more easily carried out by means other than class actions."
[1] I dissented in Thomas v. Liberty National Life InsuranceCompany, 368 So.2d 254 (Ala. 1979), on the ground that I did not believe that interest was recoverable on an insurance policy between the date when the proof of loss was submitted and the date when the claim was paid, but Thomas is now the law, and the defendant company here recognizes Thomas as being the current authoritative rule of law on the payment of interest on policies of insurance.