Where the individual claim of the representative plaintiff in a class action has been mooted, the general rule is that the individual plaintiff no longer has standing and the case is subject to dismissal. "They cannot represent a class of whom they are not a part." Bailey v. Patterson, 369 U.S. 31, 32-33,82 S.Ct. 549, 550-51, 7 L.Ed.2d 512 (1962). Also see, Rizzo v.Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976);O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674
(1974).
The federal courts have developed certain well defined exceptions to this rule: issues involving important constitutional rights, Franks v. Bowman Transportation Co.,424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), the mooting of claims due to the mere passage of time, Gerstein v. Pugh,420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Sosna v. Iowa,419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), and where the subject matter of the class action is capable of repetition but evades judicial review, Roe v. Wade, 410 U.S. 113,93 S.Ct. 705, 35 L.Ed.2d 147 (1973).
In rapidly mooting cases, such as those dealing with residency requirements for divorce (Sosna), pretrial detention(Gerstein), or abortion (Roe), there is a continuing controversy between the members of the class and their opponent, and the court is not deprived of jurisdiction. Title VII *Page 825 
discrimination suits also represent examples of these exceptions. See, e.g., Franks v. Bowman Transportation Co.,424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); Long v. Sapp,502 F.2d 34 (5th Cir. 1974); Reed v. Arlington Hotel Co.,476 F.2d 721 (8th Cir. 1972), cert. denied, 414 U.S. 854,94 S.Ct. 153, 38 L.Ed.2d 103 (1973). The U.S. Court of Appeals for the Fifth Circuit has been most liberal in standing requirements involving racial discrimination. See, e.g., Huff v. N.D. CassCo., 485 F.2d 710 (5th Cir. 1973). See generally 3B J. Moore,Federal Practice ¶ 23.04[2] (2d ed. 1980).
Given the general proposition that where the single individual claim of the representative plaintiff has been mooted (in this case before class action certification determination), the action is subject to dismissal, I fail to find facts and circumstances that come within the exceptions heretofore mentioned. Only four months before plaintiff here filed her suit, this Court decided the issue as to the obligation of the insurer to pay interest after the insured accepted the principal amount due under an insurance contract.Thomas v. Liberty National Life Insurance Co., 368 So.2d 254
(Ala. 1979). Within approximately three months from the filing of plaintiff's action, the defendant determined and paid plaintiff the full amount of interest due from the date of death to the date of the payment of the principal benefit. Here, suit was filed July 11, 1979, and the full interest payment was made September 28, 1979. Additionally, defendant insurance company represented through counsel on this appeal that it effected a change in its policy and procedure to comply with the decision in Thomas. This case does not fall within the recognized exceptions; important constitutional rights are not in issue, mootness did not occur due to the mere passage of time, Title VII discrimination is not involved, and the issue is not now one capable of repetition yet evading judicial review.
Furthermore, I believe the majority's reliance on DepositGuaranty National Bank, Jackson, Mississippi v. Roper,445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), is misplaced. Writing for the majority, Mr. Chief Justice Burger stated:
 The factual context in which this question arises is important. At no time did the named plaintiffs accept the tender in settlement of the case; instead, judgment was entered in their favor by the court without their consent, and the case was dismissed over their continued objections.
100 S.Ct. at 1170-71.
Mr. Justice Rehnquist, in his concurring opinion, stated that "[t]he distinguishing feature in Roper is that the defendant has made an unaccepted offer of tender in settlement of the individual putative representative's claim." 100 S.Ct. at 1175
(Rehnquist, J., concurring). Roper is clearly not on point with the case before us in this respect, since here Mary Jones accepted the offer of settlement, yet still sought to represent the putative class. I do not believe such a result is mandated by ARCP 23. Therefore, I hereby respectfully dissent.