SHORES, Justice.
Plaintiffs, who are Blue Cross and Blue Shield of Alabama (Blue Cross) policyholders, appeal from a summary judgment entered against them in this action to recover interest on claims paid by Blue Cross under medical insurance policies held by the plaintiffs. The issue, which was before the trial court and is now before us, is this: Is Blue Cross, which issues health insurance policies which are silent as to when claims for benefits are due to be paid, required to pay interest at the legal rate on the claims, from the date they are filed until the date *1047 the claims are paid? We affirm the trial court, which answered this question in the negative.
Section 27-1-17 of the Code of Alabama 1975 (Supp.1982) now provides in part:
“(a) All persons, firms, corporations or associations issuing health and accident insurance policies within this state shall consider claims made thereunder and, if found to be valid and proper, shall pay such claims within 45 days after the receipt of proof of loss under such policies. Benefits due under the policies and claims are to be considered overdue if not paid within 45 days after the insurer receives reasonable proof of the fact and amount of loss sustained....
“(b) If the claim is not denied for valid and proper reasons by the end of said 45 day period, the insurer must pay the insured one and one-half percent per month on the amount of said claim until it is finally settled or adjudicated.”
This act, which decides the issue for the future, is applicable only to claims filed on or after May 5,1981, the date on which the act became effective. All of the claims under consideration here and submitted by the plaintiffs to Blue Cross were filed and paid before May 5, 1981. Therefore, the applicable Code section is § 8-8-8 (1975), which provides:
“All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.”
This statute requires that interest be paid from the time the claim was due and payable under the provisions of the policy itself. Aetna Life Ins. Co. v. Wade, 210 Ala. 170, 97 So. 636 (1923). The question here is when should the claims have been paid — on the date received by the insured or after processing to determine whether they were valid under the terms of the policy. We hold that they should have been paid, as that term is used in § 8-8-8, after the expiration of a reasonable time in which to process for a determination of validity. The plaintiffs concede that the claims were paid within a reasonable time after receipt by Blue Cross. They argue, however, that Thomas v. Liberty National Life Insurance Co., 368 So.2d 254 (Ala.1979), mandates the payment of interest from the date the claim is filed. That is not the holding in Thomas. To the contrary, the Court held that under the terms of the policy the claim was payable from the date the claim was accepted by the insurer. The record in that case contains the policies, and there the insurer agreed to pay immediately upon receipt of proof of death or loss. Therefore, by the very terms of the policies themselves, the claim became due upon proof of loss, calling into operation § 8-8-8, Ala.Code 1975.
Likewise, in Jones v. Southern United Life Ins. Co., 392 So.2d 822 (Ala.1981), the policy provided for “a cash benefit of $275.00 payable upon receipt of proof of death.” There, as in Thomas, the Court held that, there being no issue as to when the claims were due, § 8-8-8, Code, required the payment of interest from the due date.
We have found no Alabama case, nor have we been cited to one, which requires a company to pay interest on a claim before its validity is determined, unless it contracts to do so. Where, as here, the contract is silent in that regard, the law allows a reasonable time to determine whether the claimant is entitled to the money. Interest is payable only when one is using another’s money. It cannot be said that Blue Cross is using the claimant’s funds until such time as it is established that the claimant is entitled to those funds. A reasonable time must be allowed to make that determination, in the absence of an agreement to the contrary.
The holding of the trial court is consistent with the law in this state, and it must, therefore, be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.